JUDGE BROOKE
pronounced the Court’s opinion, as follows: — ■
The Court is of opinion that the articles of agreement between Shackelford and Marsh, by referring to the Deed from Kendall to Marsh, made the description of the lands in that deed a part of the said agreement: that, '^considering that description as if it were inserted in the said articles, the Court is of opinion that Marsh intended to convey, and Shack-elford to purchase, 4666 acres and 2-3ds of an acre of military land, located and surveyed to the said Kendall under his military land warrant, No. 2926, and situated over the Ohio on Paint Creek, according to *724 the terms of the said Deed. That this was the contract between the parties, the Court is of opinion is also to be inferred from the circumstance, that the lands stipulated to be conveyed by the articles of agreement, are described, in the subsequent deed from Marsh to Shackelford, by a repetition of the expressions in the Deed from Kendall to Marsh. The Court is farther of opinion, that it does not appear, by the documents and evidence, that any fraud was intended by Marsh: on the contrary it appears, that he was under the impression that the lands intended to be conveyed were correctly described in the said deeds.
On these grounds, the Court is of opinion to reverse the decree of the Chancellor; and the cause is to be sent back, the contract to be set aside, the money paid to be refunded, and the deed of trust cancelled, and to be farther proceeded in against the defendants, if necessary, according to the principles of this decree.
RESCISSION, CANCELLATION AND REFORMATION.
I.Definitions.
A. Rescission.
B. Cancellation.
C. Reformation.
II.Rescission and Cancellation.
A.Jurisdiction.
1. In General.
2. Grounds for Relief.
3. Where Specific Performance Denied.
4. where Contracts Are Executed.
5. Void Contracts.
6. When Denied Relief.
7. Distinction between Actions Based upon
Rescission and Suits for Rescission.
III. Grounds for Rescission and Cancellation Existing- at Time of Making Contract.
A. Fraud.
B. Mistake.
1. Mistake of Fact.
2. Mistake of Law.
C. Illegalities.
1. Erasures and Interpolations.
D. Disability.
E. Inadequacy of Consideration.
F. Undue Influence.
IV. Grounds for Rescission and Cancellation Arising Subsequently to Making Contract.
A. Nonperformance.
B. Duress.
C. Failure of Consideration.
V.Extent of Prejudice.
VI.Rescission and Cancellation by Parties.
VII. Loss of Right to Relief.
A. By Default of Parties.
B. By Waiver.
1. By Affirmance.
2. By Intervention of Third Parties.
VIII. Duty of Party Asking Relief.
A. To Place Other Party in Statu Quo.
B. To Rescind in Toto.
IX.Granting Further Relief.
X.Pleading and Practice.
A. Jurisdiction.
B. The Bill.
■C. Plea, Answer and Petition.
1. Special Plea of Set-Off.
D. Direction of Issue.
E. Mortgagor a Party.
F. Surety Necessary Party.
XI.Evidence.
XII.Reformation.
A. Jurisdiction.
B. Grounds for Reformation.
1. Mistake.
2. Fraud.
C. Rights of Parties.
1. Lienholder without Notice.
2. Creditors of Grantor.
D. Grounds for Refusing Reformation.
1. Negligence.
2. Adequate Remedy at Law.
E. Pleading and Practice.
1. The-Bill.
a. May Be Amended.
b. Multifariousness.
c. When Not Demurrable.
2. The Answer.
8.Petition.
F. Evidence.
Cross References to Monographic Notes.
Deeds, appended to Fiott v. Com., 12 Gratt. 564.
Fraud, appended to Montgomery v. Rose, 1 Pat. & H. 5.
Jurisdiction, appended to Phippen v. Durham, 8 Gratt. 457.
I. DEFINITIONS.
A. RESCISSION. — Rescission is the abrogation or annulling of contracts. Bouvier’s Law Diet. (Rawle’s Rev.), p. 901.
B. CANCELLATION — Cancellation is the act of crossing out a writing; the manual operation of tearing or destroying a written instrument. Bouvier’s Law Dict. (Rawle’s Rev.), p.280.
C. REFORMATION. — Reformation is making a decree, in equity, that a deed or other agreement shall be made or construed as it was originally intended by the parties, when an error or mistake as to fact has been committed by the parties. Bouvier’s Law Dict. (Rawle’s Rev.), p. 858.
II. RESCISSION AND CANCELLATION.
A. JURISDICTION.
1. IN General. — 1The application to a court of equity to rescind or cancel contracts, like that for their specific execution, is addressed to the sound discretion of the court; and in the exercise of that discretion the court not infrequently refuses to rescind, when it would also refuse to decree the contract to be performed; thus leaving the parties to their remedies at law. The cases in which rescission 'should take place seem to be limited to those where there is either a palpable and material mistake in the substance of the thing contracted for, or a fraud perpretrated upon the applicant for the aid of the court; as by imposition, fraudulent misrepresentation, or, constructively, by the mere making of a contract with one wanting in understanding. Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365; 2 Minor’s Inst. (4th Ed.) p. 895; Ferry v. Clarke, 77 Va. 397; Stearns v. Beckham, 31 Gratt. 389.
But a bill, in any form, claiming damages for a breach of contract cannot be entertained in equity, nor can unliquidated damages be set off in equity. Robertson v. Hogsheads, 3 Leigh 668.
Where Both Are Parties to Fraud. — It is an established rule of the courts that equity will not grant relief to one wrongdoer against another, but will leave the parties, in such cases, as they have placed themselves. Helsley v. Fultz, 76 Va. 671; Jeffries v. Southwest, etc., Co., 88 Va. 862, 14 S. E. Rep. 661; Corrothers v. Harris, 23 W. Va. 177; Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Sale of Expectant Interest — Inadequacy of Price. — It is clear that courts of equity are very anxious to extend protection to all persons selling an expect *725 ant interest, whether they stand in the relation of expectant heirs or not, and trivial circumstances, added to inadequacy of price, is sufficient to set aside such sales. M’Kinney v. Pinckard, 2 Leigh 149. Quaere, as to whether every vendor of an expectant interest is not to be regarded in equity as a young heir dealing for expectancies. M’Kinney v. Pinckard, 2 Leigh 149.
2. GrotjNds for Relief. — The grounds for equitable relief are fraud, mistake, illegality, disability and undue influence. Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916; Schuttler v. Brandfass, 41 W. Va. 201. 23 S. E. Rep. 808. Or where there is no adequate remedy at law. Thompson v. Jackson, 3 Rand. 504; Korne v. Korne, 30 W. Va. 1, 3 S. E. Rep. 17; Robertson v. Hogsheads, 3 Leigh 668.
3. Where SpeoiFio Performance Denied.— The courts frequently refuse to rescind contracts and at the same time deny the specific performance of them. Thompson v. Jackson, 3 Rand. 504; Stearns v. Beckham. 31 Gratt. 379.
4. Where Contracts Are Executed.
Strong Case Required. — -To grant relief in an executed contract is a strong-handed measure, and none but a clear and strong case will justify it. Thompson v. Jackson, 3 Rand. 504; Stearns v. Beckham, 31 Gratt. 379.
And an objection, to justify the rescission of an executed contract, must be such as affects the substance of it. Thompson v. Jackson, 3 Rand. 504: Rogers v. Pattie, 96 Va. 498, 31 S. E. Rep. 897; Glassell v. Thomas, 3 Leigh 113.
Where Fraud Appears. — Where the application is to rescind an executed contract, the rule is laid down that fraud must appear. Thompson v. Jackson, 3 Rand. 504.
Inadequacy of Remedy at Law. — A court of equity has undoubted jurisdiction, where there is no com* píete and adequate remedy at law. to rescind a contract and annul and set aside a deed, placing the parties in the same position that they were in before the contract was made or the deed delivered. Wampler v. Wampler, 30 Gratt. 454.
5. Vojd Contracts. — Where a contract is void ab initio, and when it appears, either by the allegations of the plaintiff or by a proper plea of the defendant that it is so void, the court will not lend its aid either to enforce on the one hand or give relief on other. Harris v. Harris, 23 Gratt. 737.
6. When Denied Relief. — 'Where there is no mutual mistake, no illegality, no disability, no fraud by concealment or suppression of such facts in regard to the subject-matter of the contract as the party making it was bound to disclose, and no undue influence resulting from confidence or friendship nor any indequacy of consideration sufficient to suggest fraud, equity will not decree rescission; but the party will be left to his remedy at law, Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916: Schuttler v. Brandfass, 41 W. Va. 201, 23 S. E. Rep. 808.
7. Distinction between Actions Based upon Rescission and Suits for Rescission. — In an action at law arising from attempted rescissions of contracts for sale or exchange of person al property, it is necessary for the party defrauded, in order to maintain his suit, to have restored or tendered in restoration whatever was received by him under the contract. In equity, he is required to restore the consideration, not. however, as a condition of acquiring the right to sue, but because of the equitable maxim that he who asks equity must do equity, and he may be made to do equity on the final hear, ing. Engeman v. Taylor, 46 W. Va. 669, 33 S. E. Rep. 922.
III. GROUNDS FOR RESCISSION AND CANCELLATION EXISTING AT TIME OF MAKING CONTRACT.
A. FRAUD. — A false representation of a material fact, constituting an inducement to contract, on which the purchaser had a right to rely, is the ground for the rescission of a contract, although the party making such representation was ignorant as to whether it was true or false; the real inquiry being whether the purchaser relied on the representation as being true, and was misled by it into making the contract. Grim v. Byrd, 32 Gratt 300; Linhart v. Foreman, 77 Va. 545; Wilson v. Carpen, ter, 91 Va. 187, 21 S. E. Rep. 243; Wren v. Moncure. 95 Va. 372, 28 S. E. Rep. 588. See monographic note on “Fraud” appended to Montgomery v. Rose, 1 Pat. & H. 5.
Where Fraud Is Alleged and Proved. — -Where fraud is charged and proved, equity will set aside all trans • actions founded thereon, whatever means may be employed in procuring them, and, in considering the case, will take into account all the circumstances. Furlong v. Sanford, 87 Va. 506, 12 S. E. Rep. 1048.
Amount Subscribed to Industrial Enterprises. — A representation that a certain amount has been secured to be invested in industrial enterprises in a proposed town is material, and if by such representation a person is induced to purchase real estate in such proposed town, and the representation is false, it is a good ground for a rescission of the contract by a court of equity. Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243.
Misrepresentations — Notice to Vendor. — In a suit to rescind a sale of land, on the ground of misrepresentation, where the vendee had met the first payment, and before being put in possession had notified the vendor of his failure to realize amounts according to his expectation, which rendered him unable to meet the second payments, the court refused rescission. Chase v. Miller, 90 Va. 323, 18 S. E. Rep. 277.
Misrepresentations Musi Be Part of Transaction.— Misrepresentations made on former occasions are not a ground for rescission: they must be a part of the same transaction. Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Misrepresentations as to Boundary Lines. — Upon a bill filed by a vendee for the rescission of a deed, on the ground that there was a false representation as to one of the boundary lines, and of the distance between the hallway and chimney, the plaintiif remaining in possession for a considerable time, the court refused to rescind. Trammell v. Ashworth, 99 Va. 646, 39 S. E. Rep. 593.
Fiduciary Purchaser — Doubt of Title Suggested by Him. — A purchase, by an executor or administrator of any part of the estate of his testator or intestate, when other persons were deterred from bidding in consequence of doubts concerning the title suggested by himself, whereby he obtained the land for less than its value, ought to be rescinded. Hudson v. Hudson, 5 Munf. 180.
Fraud by Agent. — Upon a bill in chancery by the vendee against the vendor of land, subsequent tc the execution of the contract by a conveyance of the same and by giving security for the purchase price, alleging fraud practiced by the vendor’s agent on the vendee in the original agreement, and which prayed for a rescission of the contract for fraud, the court held that, under the circumstances of the case, the plaintiff was not entitled to the relief sought. Robertson v. Hogsheads, 3 Leigh 668.
And where an attorney was dictating the deed, and the right of way agent said to the grantor that it was unnecessary to insert the verbal agreement, they having no authority to bind the grantee in the *726 premises: held, such statement is no ground for cancelling: a deed. Meade v. N. & W. R. Co., 89 Va. 296, 15 S. E. Rep. 497.
Relying on False Representations. — The false representation of a material fact constituting an inducement to contract for the purchase of real estate, on •which the purchaser had a right to rely, is always ground for a rescission of a contract "by a court of equity. Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243.
Conveyance with General Warranty. — Where a ven-dee is in possession of land under a conveyance with general warranty, and the title has not been questioned by any suit prosecuted or threatened, such vendee has no claim to relief in equity against the payment of the purchase money, unless he can show a defect of title respecting which the vendor was guilty of fraudulent misrepresentation or concealment. and which the vendee had at the time no means of discovering. Beale v. Seiveley, 8 Leigh 658. See Max Meadows Land, etc., Co. v. Brady, 92 Va. 71, 22 S. E. Rep. 845.
Must Not Be Guilty of Fraud or Illegal Conduct. — To entitle a party to recover back money which he had paid upon a contract which has been wholly re. scinded, or the consideration of which has entirely failed, he must not have been guilty of any fraud or illegal conduct in the transaction. Johnson v. Jennings, 10 Gratt. 1.
Where Both Parties Involved in Fraud. — A party who, to hinder and delay his creditors, fraudulently conveys his property to another cannot, except under peculiar circumstances, maintain a bill to rescind the contract. The grantor and grantee being, generally, in pari delicto, neither is entitled to come into equity. James v. Bird, 8 Leigh 510.
Matters of Opinion — Equality of Parties. — An untrue statement made as a mere matter of opinion is, as a rule, not sufficient to entitle one to a rescission of a contract, where the parties deal upon terms of equality. Max Meadows Land, etc., Co. v. Brady, 92 Va. 71, 22 S. E. Rep. 845; Carney v. Harbert, 44 W. Va. 30, 28 S. E. Rep. 712; Lambert v. Crystal Spring Land Co., 2 Va. Dec. 502.
Party Relying on Own Inquiries. — Where a party seeks to have a contract rescinded, and it appears that he has resorted to the proper means of verification, so as to show that he in fact relied upon his own inquiries, or if the means of investigation and verification were at hand, and his attention drawn to them, relief will be denied. Ludington v. Renick, 7 W. Va. 273.
B. MISTAKE.
1. Mistake oe Pact.
Must Be Material and of Facts. — Equity relieves against a material mistake of facts, as well as against fraud, in a deed or contract in writing. Allen v. Yeater, 17 W. Va. 128.
But a contract ought never to be rescinded except in case of fraud or plain and palpable mistake. Thompson v. Jackson, 3 Rand. 504.
Hutuai Mistake Not Accompanied by Fraud — Substance of Contract. — Where a contract has been executed in mutual mistake in a matter which is the cause and subject of the contract, no fraud being imputable to either party, such a mistake is a good ground for rescinding the agreement, even after it has been fully executed by both parties. Worthington v. Staunton, 16 W. Va. 242; Glassell v. Thomas, 3 Leigh 113; Butcher v. Peterson, 26 W. Va. 451; Armstrong v. Hickman, 6 Munf. 287; Rogers v. Pattie, 96 Va. 498, 31 S. E. Rep. 897; Leas v. Eidson, 9 Gratt. 277; Watkins v. Elliott, 28 Gratt. 374.
Location of Subject-Matter. — A contract for the sale of land may be rescinded on the ground that both parties were mistaken as to the situation and other circumstances materially affecting the value of the land. Chamberlaine v. Marsh, 6 Munf. 283.
Partial Failure of Title — Ignorance of Parties.— Where the contract for the sale of land is entire, for a certain sum of money, and the title to a part of it fails from a cause of which both vendor and vendee were ignorant, it is ground for rescission of the whole contract. Bailey v. James, 11 Gratt. 468.
Competent Parties — Absence of Fraud. — In the absence of actual fraud or mistake, a court of equity will not interfere with a contract made between parties competent to contract. Merchants’, etc., Bank v. Belington, etc., Co., 51 W. Va. 60, 41 S. E. Rep. 390.
Omission Contrary to Intention of Parties. — Where there has been an innocent omission or insertion of a material stipulation, contrary to the intention of both parties, and under mutual mistake, there is good ground for relief. Donaldson v. Levine, 93 Va. 472, 25 S. E. Rep. 541.
Interest of the Vendor. — Upon a mutual mistake of parties as to the interest of the vendor in the land sold, a court of equity will, under the circumstances, set aside the sale. Irick v. Fulton, 3 Gratt. 193.
Must Affect Substance of the Contract. — la a case where land was conveyed by vendor to vendee, there being a considerable difference in the quantity actually conveyed and that which was thought to be contained in the tract, there being no fraud, the court held that the difference in the quantity did not affect the substance of the contract and was not a just ground for rescission. Tucker v. Cocke. 2 Rand. 51.
Mistake as to Boundary Lines and Quantity.— Though land be sold in gross, for so much, be it more or less, yet, if it be evident that both paaties were mistaken in a material point as to the lines by which the vendor held, and there was no express agreement on the part of the purchaser to take the risk on himself, a court of equity will give relief. Hull v. Cunningham, 1 Munf. 330.
nistake of Scrivener. — There is no doubt that courts of equity will correct mistakes of a scrivener in drawing a deed when he has not drawn it in accordance with the established directions and instructions of the parties. Pennybacker v. Laidley 33 W. Va. 624, 11 S. E. Rep. 39; Ferrell v. Ferrell (W. Va.), 44 S. E. Rep. 187.
Mistake as to Location. — When a deed is made in pursuance of a contract of sale of real estate and entered into under a misapprehension or in ignorance of the location of the vendor’s land, and the vendor conveys a tract of land wholly different in location from the land contracted for, the court will, at the instance of the vendee, rescind the contract. Fearon, etc., Co. v. Wilson, 51 W. Va. 30, 41 S. E. Rep. 137.
2. Mistake oe law.
Mutual Mistake of Law, Contrary to Intention of Both Parties. — Where there is a mutual mistake of law, and the contract is contrary to the intention of both parties, a court of equity will rescind it. Brown v. Rice, 26 Gratt. 467.
Rights of Third Parties — Interference'of.—A court of equity will relieve against a mutual mistake of law as well as fact, when such mistake is proved by clear and convincing proof, and the rights of innocent third parties do not interfere. Biggs v. Bailey, 49 W. Va. 188, 38 S. E. Rep. 499.
Ignorance of Law — Separate Estate. — A court of equity will not grant relief from a mistake of law. Ignorance of law is no excuse, and this applies to married women with reference to their separate *727 estate. Throckmorton v. Throckmorton, 91 Va. 42, 22 S. E. Rep. 162.
Mistake of Law Not Accompanied with Fraud. — A mistake in law, when there is neither fraud, concealment, nor mistake in fact, constitutes no ground for rescinding-a contract. Ferry v. Clarke, 77 Va. 297.
Mistake of Law, Not Otherwise Objectionable, Valid. “-Agreements made and acts done in g-ood faith under a mistake of law are, if not otherwise objectionable, generally held valid and obligatory. Harner v. Price. 17 W. Va. 523.
Executed Contract — Ignorance of Law.--The rescission of an executed contract will not be allowed merely on the ground of ignorance of law, where there is neither fraud, concealment, nor mistake of fact. Brown v. Armistead. 6 Rand. 594; Zollman v. Moore, 21 Gratt. 313.
Ignorance of Legal Effect Will Not Avail. — it is a settled principle of law and sound policy that a party cannot be permitted to disavow or avoid the operation of an agreement, entered into with a full knowledge of the facts, on the ground of ignorance of legal consequences which flow from these facts. Pussy v. Gardner, 21 W. Va. 469.
Partial Rescission and Compensation. — in respect, however, to the vendor’s and vendee's ignorance in law of the title he proposes to convey or to acquire, although there may not appear to be any fraud, a court of equity will not refuse to give relief under the circumstances by either rescinding the contract in whole or in part, or by otherwise decreeing compensation to one or the other of the parties. 2 Minor’s Inst. (4th Ed.) p. 700; Pullen v. Mullen, 12 Leigh 434; Irick v. Fulton, 3 Gratt. 193; French v. Townes, 10 Gratt. 513.
Private Rights, Knowledge of One Party. — If the mistake be one of law, or as to his private rights, and be that of one party only to the transaction, though the other party was not aware of it, the court will, under peculiar circumstances, grant relief. Brown v. Rice, 26 Gratt. 467.
C. ILLEGALITIES.
Contracts Illegal or Contrary to Public Policy Not Subject of Action. — it is a general rule that an agreement, cannot be made the subject of an action if it can be Impeached on the grounds of dishonesty or as being opposed to public policy; if it be either contrabo ms iftores or forbidden by the law. Harris v. Harris, 23 Gratt. 737.
1. EUAStmns AND INTERPOLATIONS. — Where extensive erasures and material interpolations were made in a deed after it had been acknowledged by the grantor, and not in Ms presence nor with his assent, and he not having seen it after such changes had been made, it was held to be just grounds for rescission. Deem v. Phillips, 5 W. Va. 18.
D. DISABILITY.
Menial Weakness Not Amounting to Absolute Disqualification. — Although the courts may rescind contracts made by persons of great mental weakness. though not amounting to absolute disqualification, when the contract is manifestly and grossly unj ust to such persons, yet they will not, for such a cause, rescind contracts entered into by parties fully competent to contract. Korne v. Korne. 30 W. Va. 1. 3 S. E. Rep. 17.
Mental Weakness, Illiteracy and Indolence. — -Where the evidence shows that a party whose contracts were the object of a suit to annul, on the ground of mental incapacity and undue influence, is illiterate and of weak mind, delicate physical condition and indolent habits, and utterly fails to show that he is of unsound mind and incapable of managing his own affairs, the court will not rescind. Miller v. Rutledge, 82 Va. 863.
Advaziced Age — Greet Grief. — A man of advanced age, but of sound mind and experience in business, while grief stricken at the sudden death of his wife, relinquished his rights to certain property, of which he was fully informed, to her children by a former husband in consideration of provisions by them for his support: /uld, there was no error in refusing to rescind the contract. Furlong v. Sanford, 87 Va. 506, 12 S. E. Rep. 1048.
And where two deeds were made by an old man shortly before his death, by which he conveys the whole of his property, which he had not before disposed of, to one of his sons: held, that the grantor not laboring under a total or temporary deprivation of reason, he was of legal capacity to make a valid disposition of his property, if he was capable of recollecting the property he was about to dispose of, 1he manner of distributing it, and the objects of his bounty, and deeds made under such circumstances are not to be rescinded. Greer v. Greers, 9 Gratt 330.
E.INADEQUACY OF CONSIDERATION.
Must Shock the Conscience. — To induce a court of equity to annul a deed or contract on account of inadequacy of condition, it must be so gross that upon the first blush it shocks the conscience and produces an exclamation of surprise and repro-bation in different persons. Deem v. Phillips, 5 W. Va. 168; Lowe v. Trundle, 78 Va. 65; Jones v. Degge, 84 Va. 685, 5 S. E. Rep. 799.
Inadequacy and Exorbitancy Not Coupled with Fraud. — Neither exorbitancy nor inadequacy of price will violate a sale unless coupled with fraud, misrepresentation, imposition, mutual mistake or confidential relations. In the absence of these elements, the courts will enforce the contract. Smith v. Henkel, 81 Va. 524; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
Inequality of Parües. — A contract will be set aside in equity for inadequacy of consideration, where there is inequality in the condition of the parties. George v. Richardson, Gilm. 231.
inadequacy Occasioned by Plaintiff. — A sale ought not to beset aside on the ground of smallness of price, if that was occasioned by the acts of the complainant. Forde v. Herron, 4 Munf. 316.
Inadequacy Which Leads to Inference of Fraud.— Mere inadequacy of consideration is no ground for the rescission of executed contracts, unless the inadequacy is so gross as to lead to the irresistible inference of fraud. Matthews v. Crockett, 82 Va. 394.
Inadequacy with Unconscientious Advantage. -Inadequacy of price, whether it be so gross as to be 2>e7' se proof of fraud or not, if attended by circumstances evincing unconscientious advantage taken by the vendee of the improvidence and distress of ■vendor, will avoid the contract in equity, although it be a contract executed, M’Kinney v. Pinckard, 2 Leigh 149.
Purchase of Reversionary Interest in Absence of Fiduciary Relations. —Where there is no actual fraud and no fiduciary relation between a purchaser of a reversionary interest and his vendor, mere inadequacy of consideration is not sufficient to avoid a sale, unless it is so great as to shock the moral sense. Mayo v. Carrington, 19 Gratt. 74.
Concurrence of Inadequacy and Mental Weakness. —While it is well settled that mere inadequacy of consideration is of itself no ground for rescission, yet, when great weakness of mind, though not amounting to absolute disqualification, concurs with gross inadequacy of consideration, a court of equity will, upon seasonable application, set aside *728 the transaction wjien these facts are made to appear. Crebs v. Jones, 79 Va. 381.
Contracts of Hazard. — in reference to contracts of hazard, the factor of risk and hazard are such disturbing- elements in the estimation of value that courts of equity, when inadequacy alone is in question, will refuse to interfere. Pennybacker v. Laidley, 33 W. Va. 624, 11 S. E. Rep. 39.
Conveyance in Consideration of Support. — In a case where land and slaves were conveyed to a relative by a person of weak mind, thoug-h not amounting* to idiocy or lunacy, and who had a sister living- at the time of the conveyance; in consideration that he should be taken care of for the rest of his life, the court held, upon a bill filed for that purpose, that there was not sufficient ground for a rescission of the conveyance. Whitehorn v. Hines, 1 Munf. 557.
Conveyance without Consideration, and Among Strangers. — Where the estate of an imbecile is conveyed to one S. without consideration, by an irrevocable instrument, executed among strangers, out of his own neighborhood, and to the prejudice of his four half-sisters, the natural heirs of his bounty, upon a bill filed in epuity, the court held it sufficient grounds for rescission. Samuel v. Marshall, 3 Leigh 567.
F. UNDUE INFLUENCE.
Agreements between Father and Son. — Where the court is satisfied, from the circumstances of the case, and there was undue influence in the procurement of a contract between father and son, it will be rescinded. Deem v. Phillips, 5 W. Va. 168.
And where a child, in a situation of sudden surprise and emergency of action, without the presence or advice of friend or counsel, and when she was rendered wholly unable to exercise a consulting mind, and was told that she would be otherwise provided for and compensated, that she would not lose anything by it, and that it would be best for her to make the property back to Mr. S., as it was threatened to be burned, under the compulsion of which she hastily and inconsiderately executed the deed granting the property to him without any consideration: held, a case for rescission of the deed. Davis v. Strange, 86 Va. 793, 11 S. E. Rep. 406.
IV. GROUNDS FOR RESCISSION AND CANCELLATION ARISING SUBSEQUENTLY TO MAKING' CONTRACT.
A. NONPERFORMANCE. — Nonperformance, to justify rescission, must .be a total failure of performance. Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916.
Failure to Open Streets and Furnish Deed. — Where a bill was filed for the rescission of a contract to purchase land, on the ground of delay by vendor to furnish the vendee with a deed and that the vendor had failed to open and grade streets through the property in accordance’ with the contract of sale, it was refused and the party left to his remedy at law. Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365.
Abandonment of Contract. — in a case where a carpenter contracted with a person to build a church, who subsequently to the contract died, and the carpenter, before proceeding to execute the contract obtained a guaranty that the contract price would be paid, and as much over as the building might cost, which he sublet to another contractor; held, did not bar a recovery against the estate of the decedent on the original contract. Ferguson v. Wills, 88 Va. 136, 13 S. E. Rep. 392.
Vendee Not Responsible for Delay of Another. — In a sale of land, where the vendor represented to the vendee that he had made arrangements with the railroad company to build a station near the land sold, which arrangements he had made, the vendor not being responsible for the delay of the railroad company the court would not rescind the contract. Lambert v. Crystal Spring Land Co., 2 Va. Dec. 502.
Failure of Title, — C. contracts to sell H. a house and lot of ground in a town, and an outlot, the former constituting much the most valuable portion, which he represents to be his own, and H. is put in possession. C. dies before the contract is executed, and the property in the town, in fact, belongs toC.’swife; held, that H. expressing his desire to-have the contract rescinded the court should decree it. Hoover v. Calhoun, 16 Gratt. 109.
Prior Sale of Portion Contracted for. — Where a person entered into a contract for the purchase of a known body of coal, supposed to contain 300 acres, but the same has been diminished to less than 200 acres by valid conveyances of the more desirable portion thereof, made by the grantor to his children without the knowledge of the purchaser, and which knowledge is withheld from him by the owner until after the deed is executed, a coart of equity will, at his instance, rescind the contract. Carney v. Harbert, 44 W. Va. 30, 28 S. E. Rep. 712.
Failure to Perform Decree. — Where a personal representative was ordered by decree to make a public sale, and he made it privately, and was also ordered to sell only enough land to pay $8,000 of debts, and $35,000 worth was sold, and the executor who brought suit was also the purchaser; a court of equity will rescind the deed to such executor. Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
Failure to Perform Condition Subsequent. — Where an estate is conveyed on a condition subsequent, which condition has not been performed, a court of equity will cancel the conveyance and place the parties in statu quo. Lowman v. Crawford, 99 Va. 688, 40 S. E. Rep. 17.
Nonperformance to Be Ascertained. — There being a latent ambiguity in the contract, which can be cleared up only by a survey, it is error to decree a rescission of the contract until a survey is made and it is thus ascertained whether the vendors can comply with their contract. Purcell v. McCleary, 10 Gratt. 246.
Failure to Make Title Free from Incumbrances. — If a vendor fails to make good a general warranty deed, free from all incumbrances, at the time agreed upon for the consummation of the sale, the vendee has, because of such incumbrances, the right to abandon his purchase and cancel his contract. Parsons v. Smith, 46 W. Va. 728, 34 S. E. Rep. 922.
Abandonment of Contract. — Where A purchases land for the benefit of B, and B fails to meet the deferred payments when due, and some time after A accepts considerable amounts from B on account of such deferred payments, he will not be allowed to maintain, in a court of equity, that he had abandoned the contract. Smith v. Profitt, 82 Va. 832, 1 S. E. Rep. 67.
But where a party, at whose request and for whose accommodation a contract under 'seal is made, for a long time neglects to carry it into effect, and shows by particular acts, though without any writing under seal, that he considers it as abandoned, a court will, at the instance of the other party, rescind it. Cringan v. Nicolson, 1 Hen. & M. 429.
B. DURESS.
What Constitutes Duress. — Duress, in its more extended sense, means that degree of constriant or danger, either actually inflicted or threatened and impending, which is sufficient in severity or in apprehension to overcome the mind and will of a person of ordinary firmness. Simmons v. Trumbo, 9 W. Va. 358.
*729 Duress per Minas. — Duress #¿7* 7/?i/i«s, as defined a common law, is where the party enters into a contract, (1) for fear of loss of life; (3) for fear of loss oflimb; (8) for fear of mayhem; (4) for fear of imprisonment. Simmons v. Trumbo, 9 W. Va. 358.
Menace of Battery or Trespass. — Contracts procured "by menace of amere battery to the person, or of trespass to lands, or loss of goods, will not he rescinded. Simmons v. Trumbo, 9 W. Va. 358.
Threats of Erecting a Furnace near Residence.— Where a widow was induced to consent to the sale of her aower in land, by threats of erecting:, by the purchasers of her children’s land, a furnace near her residence, she has cause to have the sale set aside, the sale of her children’s land having- been canceled. Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
C. FAILURE OF CONSIDERATION.
Must Be Material and Affect Substance. — If the error be in a matter which is the cause of the contract, that is, in the substance of the thing- contracted for, so that the purchaser cannot g-et what he bargained for. it is a just ground for rescinding the contract. Tucker v. Cocke, 2 Rand. 51.
Failure to Recover Land Sued for. — Where in an agreement, in writing, under seal, the vendor agreed that if a portion of the land should be recovered from the vendee he would refund a ratable portion of the purchase money, and would not take legal proceedings on the bond until the quantity of land to be held by the vendee was ascertained, provided the purchaser would in a reasonable time prosecute suit therefor, the court will decree the bond tobe canceled, if the vendee brought suit in due time and failed to recover any part of the land. Bullitt v. Songster, 3 Munf. 54.
Existence of Incumbrance Prior to Conveyance and-RemovaS Thereof. — Where incumbrances on reales tate exist prior to the time when the vendee has a right to call for a deed, but are discharged by that time, a court of equity will not rescind a contract of purchase. Garber v. Sutton, 96 Va. 469, 31 S. E. Rep. 894.
Cloud on Title or Deficiency in Quantity. — Where a person holding a limited optional contract for the sale of a tract of land is prevented from making sale thereof by reason of a cloud on the title, or a deficiency in quantity not known or taken into consideration at the time of execution thereof, such person is entitled to a rescission of such contract Morrison v. Waggy, 43 W. Va. 405. 27 S. E. Rep. 314.
Deficiency of Quantity-Absence of Illegality. — A court of equity will not decree a cancellation of a contract ior the sale of land between vendor and vendee, in the absence of mistake, accident or fraud, where the contract is not illegal or contrary to public policy, merely on the ground of deficiency in quantity of land sold, where compensation for such deficiency can be made to such vendee. Anderson v. Snyder, 21 W. Va. 632; Jones v. Fox, 20 W. Va. 370.
Depreciation between Sale and Conveyance. — Depreciation of property between the date of the sale and the time when the vendee has a right to call for the title is no ground for rescission. Garber v. Sutton, 96 Va. 469, 31 S. E. Rep. 894.
Failure of Consideration — Defective Title. — If the charge be a mere failure of consider aon.arising from the sale of a defective legal title, unmingled with fraud or mala tides of any kind, it is generally-laid down that the vendee will be left to the covenants of warranty in his deed. Thompson v. Jackson, 3 Rand. 504.
Selling -without Title in Vendor. — Where a vendor sells land by parol, puts the purchaser in possession and receives the purchase price, but conveys a different lot, the court of equity, on being satisfied that the vendor had no title to the property sold, will rescind the contract and decree the money to be refunded. Lamb v. Smith, 6 Rand. 552.
Partial Loss of Land — The loss of a part of a lot of land bought as an investment on which to speculate* and which has been conveyed to the grantee, is no ground for rescission. Rogers v. Pattie, 96 Va. 498, 31 S. E. Rep. 897.
Disputed Title-Cloud on Same. — if there is an adverse claim toa tract of land, ora considerable part thereof, evidenced by recorded title papers, with possession thereunder, in dispute or doubtful, such adverse claim is sufficient to throw a cloud on the title and render the same unmarketable until such papers are canceled. Morrison v. Waggy, 43 W. Va. 405, 27 S. E. Rep. 314.
V. EXTENT OF PREJUDICE.
If Appreciable, Is Sufficient. — In a suit to rescind, the court will not inquire into the extent of the prejudice, but will consider it sufficient if the party misled has been slightly prejudiced, or even if the amount is at all appreciable. Engeman v. Taylor, 46 W. Va. 669, 33 S. E. Rep. 922.
VI. RESCISSION AND CANCELLATION BY PARTIES.
Surrender of Writing by Vendee Completes Rescission. — A written contract, sealed or unsealed, may be rescinded by word of mouth or by common consent of its parties. If no possession has been taken under it, and the parties agree to rescind, and, in execution of the agreement to rescind, the vendee surrenders the writing to the vendor, the rescission is complete. Lowther Oil Co. v. Miller-Sibley Oil Co. (W. Va.), 44 S. E. Rep. 433; Urpman v. Lowther Oil Co. (W. Va.), 44 S. E. Rep. 433.
Rescission by Parol Hust Be Executed. — A written contract for the sale of land may be rescinded by a subsequent parol agreement by the parties, but, to make such agreement effectual, it must have been fully executed, and be established by clear and conclusive proof. Ballard v. Ballard, 25 W. Va. 470 traley v. Purdue, 33 W. Va. 375, 10 S. E. Rep. 780.
Unsealed Authority, and without Consideration, Revokable at Pleasure. — Authority given by a written instrument and not under seal, and without consideration, to an agent or attorney to pay debts, may be revoked at the pleasure of the principal. Beers v. Spooner, 9 Leigh 153.
Contracts for Sale Invalidated by Subsequent Conveyance. — Where there is a written agreement, not under seal, between two partners, to convey real estate of the concern to one, as his separate estate, it is invalidated by a subsequent conveyance by both partners to a third person. Jones v. Neale, 2 Pat. & H. 339.
VU. LOSS OF RIGHT TO RELIEF.
A. BY DEFAULT OF PARTIES — If one signs a written contract without acquainting himself with the contents, he is estopped by his own negligence from asking relief against its obligation, if his signature is procured without fraud. Ferrell v. Ferrell (W. Va.), 44 S. E. Rep. 187.
Acquiescence. — F. assigned a bond of $3,000, secured on land to B. R., administrator of B., and not by an indorsement, but by another writing, assigned the bond to D., of which neither F. nor the obligors had notice. F. paid R., as administrator of B., the $3,000 balance, and took a reassignment of. the bond, of which transaction D. had knowledge: held, D.’s delay amounted to an acquiescence, and a bill filed by him to set aside the assignment should be dismissed. Dickenson v. Farley, 84 Va. 240, 4 S. E. Rep. 375.
Acquiescence Must Be with Knowledge — To fix acquiescence upon a party, it must unequivocally *730 appear that he knew or had notice of the fact upon which the alleged acquiescence is founded and to which it refers. A recognition resulting from ignorance of material facts goes for nothing. Stearns v. Beckham, 31 Gratt. 379; Engeman v. Taylor, 46 W. Va. 669, 33 S. E. Rep. 922.
Knowledge of Ground — Retaining to Speculate.— where a purchaser, three years before the suit, became acquainted with the ground on which he sought rescission, but retained the property for the purpose of speculating, without complaint, until it became greatly depreciated in value, he is not entitled to rescission. Slothower v. Oak Ridge Land Co., 2 Va. Dec. 506.
Three Years’ Delay Not Laches. — Three years after the making of a false representation by the vendor, the vendee learned of same; the vendor had in meantime no opportunity to make sale of the lots and none of its creditors would be injured by rescission : held, laches in this case was no ground of defense. Grosh v. Ivanhoe Land, etc., Co., 95 Va. 161, 27 S. E. Rep. 841.
Suit Must Be Brought in Reasonable Time. — To set aside a sale for fraud and conspiracy, suit must be brought within a reasonable time after the discovery of such fraud. Williams v. Maxwell, 45 W. Va. 297, 31 S. E. Rep. 909; Jefferies v. Southwest, etc., Co., 88 Va. 862, 14 S. E. Rep. 661.
In Absence oí Knowledge, Delay Will Npt Defeat.— No lapse of time, nor delay in bringing a suit, however long, will defeat the remedy for rescission, provided the injured party was during all this time ignorant of the fraud; and the duty to commence proceedings arises only upon the discovery of the wrong doings by the party injured. Engeman v. Taylor, 46 W. Va. 669, 33 S. E. Rep. 922.
Twelve Years’ Delay — Further Time Granted. — Upon a bill filed by T. against H. to rescind a contract for the exchange of lands, it appears that H. had been in possession of his land for twelve years, and had paid the purchase money; but D., the vendor of H., had died, and he had brought suit against D. ⅛ widow and heirs to have the title made to T.: held, that H. should be allowed a further reasonable time to get in the title, and it was error to décree a rescission of the contract. Stimson v. Thorn, 25 Gratt. 27?.
Plaintiff ilust Exercise Diligence. — to entitle one to relief on the ground of mutual mistake, he must, have exercised at least the degree of diligence which may fairly be expected from a reasonable man. Persinger v. Chapman, 93 Va. 349, 25 S. E. Rep. 5.
Diligence ’ Depends on Circumstances, — What amounts to reasonable diligence is dependent on the circumstances of each case, and must be left to the sound discretion of the court. Robertson v. Tapscott, 81 Va. 533; Pollard v. Rogers, 4 Call 239; Wilsons v. Harper, 25 W. Va. 179; McConaughy v. Camden, 18 W. Va. 140.
B. BY WAIVER.
Must Be Distinctly Made and with Full Knowledge of Rights. — No man can be bound on the waiver of his rights, unless such waiver is distinctly made with full knowledge of the rights which he -intends to waive; and the fact that he knows his rights, and intends to waive them, must plainly appear. Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243.
Where Rights Deemed to Be Waived. — where a vendee, several months after purchasing, thoroughly examined the lots purchased, and, without complaint, held them for speculation, though he might have sold them at an advanced price, imperfections in the contract of purchase were waived. Slothower v. Oak Ridge Land Co., 2 Va. Dec. 506.
Failure to Elect at Once Deemed Waiver. — If a party elect to rescind a contract, he must do so at once, or else he will be considered to have waived his rights. Rouzie v. Daingerfield,197 Va. 708, 34 S. E. Rep. 899.
Must Elect on Discovery of Fraud — Failure to Act at Once Waiver of Right. — A party who intends to repudiate a contract on the ground of fraud should do so as soon as discovered, for if he treats the contract1 as one subsisting, or if, during the interval between discovery and repudiation, innocent third parties acquire interest in the property, or the position even of a wrongdoer is affected, he will be deemed to have waived his right of rescission. Hurt v. Miller, 95 Va. 32, 27 S. E. Rep. 831; Slothower v. Oak Ridge Land Co., 2 Va. Dec. 506; Grosh v. Ivanhoe Land, etc., Co., 95 Va. 161, 27 S. E. Rep. 841; Martin v. South Salem Land Co., 94 Va. 28, 26 S. E. Rep. 591.
1. BY AEEIRMANCE.
Must Be Deliberate and Solemn. — where the original contract is tainted with fraud, its subsequent confirmation must be a solemn and deliberate act. Engeman v. Taylor, 46 W. Va. 669, 23 S. E. Rep 922.
Payment of First Installment of Purchase Price.— After the expiration of a year, a court of equity will not rescind a contract for sale of land on the ground of fraud, where the vendee, without compulsion, paid the first installment of the purchase money. Max Meadows Land, etc., Co. v. Brady, 92 Va. 71, 22 S. E. Rep. 845.
Party Must Be Apprised of His Rights. — In order that an act may have any effect or validity as a confirmation, it must clearly appear that the party confirming was fully apprised of his right to impeach the transaction, and acted freely, deliberately and advisedly with the intention of confirming a transaction he knew, or ought to have known with reasonable diligence, to be impeachable. Stearns v. Beckham, 31 Gratt. 379; Broddus v. McCall, 3 Call 546.
May Be by Acts as Well as Words. — Whenever a party to a contract has a right to elect whether he will avoid it or treat it as still subsisting, his election may be manifested by acts as well as by words, and, when once made, is final and cannot be retracted. Hurt v. Miller, 95 Va. 32, 27 S. E. Rep. 831; Max Meadows Land, etc., Co. v. Brady, 92 Va. 71, 22 S. E. Rep. 845; Wilson v. Hundley, 96 Va. 96, 30 S. E. Rep. 492.
Execution with Knowledge of Fraud Defeats. His Rights. — If one, with a knowledge of fraud, executes a contract, he thereby confirms it and cannot get relief, for he has but one election to confirm or repudiate, and if he elects to confirm, he is finally bound by his confirmation. Hutton v. Dewing, 42 W. Va. 691, 26 S. E. Rep. 197.
2. By Intervention oe Third Parties.
Purchasers without Notice. — Relief will not be granted in a court of equity by rescinding where it will prejudice the rights of a bona, fide purchaser without notice. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
VIII. DUTY OF PARTY ASKING RELIEF.
A. TO PLACE OTHER PARTY IN STATU QUO.— A party who seeks to cancel a contract of sale because of mutual mistake must allege and show himself prompt, eager, ready and willing to place the other party to such contract in statu auo. Christian v. Vance, 41 W. Va. 754, 24 S. E. Rep. 596.
Court Reluctant if Not Practical. — A court of equity is always reluctant to rescind a contract unless the parties can be put back in statu quo. Stearns v. Beckham, 31 Gratt. 379; Ferry v. Clarke, 77 Va. 397; Nalle v. Virginia, etc., R. Co., 88 Va. 948, 14 S. E. Rep. 759; Worthington v. Collins, 39 W. Va. 406, 19 S. E. Rep. 527.
*731 Partial Restoration Allowed Only Where Strongest Equity Demands. — A court of equity is always reluctant to rescind unless the parties can be tint back in statu quo, and if this cannot be done it will give such relief only where the clearest and strongest equity imperatively demands. Persinger v. Chapman, 93 Va. 319, 25 S. E. Rep. 5; Stearns v. Beckam, 31 Gratt. 379.
When Plaintiff In Default. — Where the party complaining has done any act by which the rights of the other party are affected, so that he cannot be placed in statu quo, he cannot afterwards repudiate the contract. Ferry v. Clarke, 77 Va. 397.
Partial Restoration and Compensation. — tn suits to rescind where the courts cannot place the parties wholly in statu quo, they are not thereby precluded from granting relief against frand, but may proceed to do so as nearly as possible, and make compensation. Engeman v. Taylor, 46 W. Va. 669, 33 S. E. Rep. 922.
Partial Resale by Vendee. — Where the vendor has been in no default at any time, and the vendee has resold a part of the land purchased by him, so that the parties connot be put. in statu quo, the court will not rescind. Nalle v. Virginia, etc., R. Co., 88 Va. 948, 14 S. E. Rep. 759.
B. TO RESCIND IN TOTO. — If rescission be decreed, it must be of the entire agreement, and not parts thereof. Ferry v. Clarke, 77 Va. 397; Glassell v. Thomas, 3 Leigh 113; Worthington v. Collins, 39 W. Va. 406, 19 S. E. Rep. 527.
And a purchaser of goods, who has the right to rescind the sale of contract, must rescind in toto, and not in part. He cannot keep part of the goods, and return the remainder, without becoming liable for the whole. Manss-Bruning Shoe Co. v. Prince, 51 W. Va. 510, 41 S. E. Rep. 907.
So, where a vendee has resold at a profit a large part of the land bought by him, and asks for a rescission only as to such part as he has been UDable to make a profit on, the court will not rescind. Nalle v. Virginia, etc., R. Co., 88 Va. 946. 14 S. E. Rep. 759.
IX. (IRANT1NQ FURTHER RELIEF.
Permanent Improvement, Rents and Profits. — Land conveyed in 1859, in trust to secure a debt of $300, was sold in 1864, during the war between the states, while B., the grantor, and P., the beneficiary, were separated and within the lines of the opposing armies. The land was bought by Mrs. B.. wife of B., and a niece of P., at a reduced price, who after-wards sold it to W. and S. at the same price, S. selling out to W., who made permanent improvements thereon. In 1870, B. filed his bill against W., etc., to set aside the sale. Held. B. is entitled to the land paying W. for the permanent improvements thereon, and that B. should be entitled to the rents and profits exclusive of such improvements. Walker v. Beauchler, 27 Gratt. 511.
And where real property is sold, and the vendor cannot give a good title, but puts vendee in possession, who makes improvements thereon, if an account is taken, the rents and profits up to the lime of the decree for the surrender of the property are to set off against the improvements; but the vendee is not entitled to a decree for any balance on account thereof. Hoover v. Calhoun, 16 Gratt. 109.
But where no demand has been made by the vendor previous to filing Ms bill to set aside thesale, the court will decree only rents and profits from that time, and will decree interest on the purchase money only from that date. Irick v. Fulton, 3 Gratt. 193.
Recovery of Purchase Price with Interest and for Permanent Improvements. — Where the rescission is made on account of the vendor’s default, the general rule is that the vendee is entitled to have the purchase money paid by him, with its interest, returned: also, to be paid for permanent improve ments made in good faith; but he is to be charged with reasonable rents and profits after deducting the amount paid for laxes, and is also chargeable with any waste committed by him. Worthington v. Collins, 39 W. Va. 406, 19 S. E. Rep. 527.
And the purchaser, or his vendee, will be entitled to compensation for permanentimprovements made upon the lana, but not to exceed the amount due for rents and profits. Irick v. Fulton, 3 Gratt. 193.
X, PLEADING AND PRACTICE.
A. JTJRISDICTTON. — See monographic note on “Jurisdiction” appended to Phippen v. Durham, 8 Gratt. 457.
B. THE BILL.
Bill Must Charge Fraud. — In a suit to rescind, if fraud is not charged in the bill, it cannot be proved by the evidence. Thompson v. Jackson, 3 Rand. 504.
Bill riusl State the Facts. — [n a suit to rescind for mistake, the bill must state the facts which occasioned the mistake itself, and these facts must be clearly proven. Pusey v. Gardner, 21 W. Va. 469.
Bill Must Contain Hatter Relied on. — It is well settled that to entitle a party to relief from liability on a contract by reason of statements or representations made by the other party to the contract, by way of rescission, the matter relied must be within the pleadings. Scott v. Boyd (Va.), 42 S. E. Rep. 918.
Void Instrument — Allegation of Specific (¡rounds. Where a written instrument which shows on its face that it is invalid, and is exhibited with and made a part of the bill, the court will not refuse to declare it void and set it aside because the plaintiff did not in his bill specify the grounds of invalidity for which the court canceled it. Simpson v. Edmiston, 23 W. Va. 675.
Bill flay 3e Amended. — When it appears, in the progress of the suit upon a bill filed for the specific execution of a contract for an exchange of lands, that the defendant cannot, comply with his contract, the plaintiff may be allowed to amend his bill and to ask for a rescission of the contract. Ferry v. Clarke, 77 Va. 397; Parrill v. McKinley, 9 Gratt. 1.
Failure to Charge Notice — Bill Not Demurrable. — A bill which charges mutual mistake in making a deed is not demurrable, even though it fails to charge notice to a purchaser for value; such notice must be proved, but the defense must be made by plea and answer. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
When Not riaintainahle. -A bill in chancery cann.ol be maintained by a person holding a deed for, but out of possession of, a certain tract of land to cancel the deed of another claimant (not a tax deed) who may be in possession of the land, as a cloud on his title. Christian v. Vance, 41 W. Va. 754. 24 S. E. Rep. 596.
Dismissal- Rights of Parties,--It is improper to dismiss a bill in chancery, involving a question of title, for want of equity, without reserving the legal rights of the parties. Christian v. Vance. 41 W. Va. 754, 24 S. E. Rep. 596.
Must Allege Eagerness and Willingness to Restore.— A party who seeks to cancel a contract of sale because of mutual mistake must allege and show himself prompt, eager, ready and willing to place the other party m statu quo. Christian v. Vance, 41 W. Va. 754, 24 S. E. Rep. 596.
When Bill Demurrable. — where the averments of a bill, for setting aside a contract, attempt to predicate fraud upon representations of intention and promise and not upon representations made in *732 regard to existing fact, a demurrer to such hill will he sustained and the hill dismissed. Love v. Teter, 24 W. Va. 741.
False Allegations. — upon a hill filed for the rescission of a contract, where nonperformance is the ground alleged, hut in fact the grievance is that they have made an improvident contract, the court will refuse to rescind. Love v. Teter, 24 W. Va. 741.
When Bill to Be Dismissed. — Where a court of equity erroneously canceled deeds and ordered a conveyance to he made to the plaintiffs and directed a writ of possession to issue to put them in possession of the land, and this court reversed the decree on appeal granted without supersedeas, it will not here dismiss the hill, hut will remand the cause with instructions to place the parties in statu quo and then dismiss the hill. Wilsons v. Harper, 25 W. Va. 180.
C. PLEA, ANSWER AND PETITION.
Plea and Answer to Be Used, and Not Demurrer.— A hill which charges mutual mistake in making a deed is not demurrable, even though it fails to charge notice to a purchaser for value; such notice must he proved, hut the defense must he made hy plea and answer. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
Petition Must Claim Damages. — Where it appeared that the defendant had abandoned the work before it ivas completed, in an action to recover, for the purposes of cancellation, a note given hy the plaintiff to the defendant for services in building a house, the plaintiff can have no relief on that ground, in the absence of a claim in his petition for any damages on account of such abandonment. Ould v. Myers, 23 Gratt. 383.
Refusal to File Petition, When Not Error. — It is not error in the court, on the petition of a debtor, to refuse to permit the filing of a petition to cancel a paper in the case, which admits his liability for a debt, when the petition shows no equitable grounds for such cancellation. Beard v. Arbuckle, 19 W. Va. 135.
1. Special Plea ot Set-Oiot.
When Not to Be Relied on. — In an action at law on notes for the price of land, a plea by way of special set-off, under the Code of 1887, § 3299, cannot be relied on, which sets up equitable grounds of defense, and which require a rescission of the contract in suit and a reinvestment of the vendor with the interest alleged to have been sold. Mangus v. McClelland, 93 Va. 786, 22 S. E. Rep. 364.
D. DIRECTION OP ISSUE. — Where a bill was filed to recover M’s interest in a decedent’s estate, conveyed hy deed to the plaintiff, the defendant, M’s administrator, answered that the deed was procured hy fraud while M. was drunk. Held, that an issue he directed to ascertain, first, whether the deed was procured hy fraud, and, second, if procured by fraud, whether it had afterwards been confirmed hy M. without coercion or restraint, when competent to act. Mettert v. Hagan, 18 Gratt. 231.
And upon a bill filed to have bond set aside on the ground of misrepresentation, and the evidence is conflicting, an issue should he directed. Magill v. Manson, 20 Gratt. 527.
E. MORTGAGOR A PARTY —The grantee, in a deed which is absolute on its face, but in fact a mortgage, conveyed the land to a purchaser for a valuable consideration and without notice; the purchaser, upon discovery of the fact, filed a bill for a rescission of the contract, to which suit the mortgagor is a party. Held, the rescission will be decreed unless there be some party who has a right to object. Breckenridge v. Auld, 1 Rob. 148.
P. SURETY NECESSARY PARTY. — H. executes a deed of trust conveying real estate to indemnify two sureties of the grantor in an injunction bond. A sale is made hy the trustee, and the property bought by one of the sureties. Subsequently H. files a bill against the purchaser to have the sale canceled and the property reconveyed to himself, on the ground that there was nothing due from him at the time of the sale, and that the surety’s claims against the grantor were the result of fraudulent transactions; no charges were made against the trustee, and no relief sought against him. Held, that the other surety in the injunction bond is a necessary party, but that the trustee is not. Hoffman v. Shields, 8 W. Va. 32.
XI. EVIDENCE.
Mistake Established by Parol Evidence. — Upon a. bill filed for the rescission of a contract or deed, for mistake, parol evidence is admissible to establish such mistake though it he denied in the answer. Allen v. Yeater, 17 W. Va. 128.
Where Proof Is Weak, Relief Should Not Be Granted. —Where a scrivener, through mistake, drew a deed instead a will, and on that ground the grantor seeks to have the deed rescinded, and the proof is weak, uncertain and vague, and insufficient to eatahlish the alleged mistake, thé relief sought should not be granted. Weidehusch v. Hartenstein, 12 W. Va. 760.
Conflict and Insufficiency of Evidence. — Shortly after his liberation from a lunatic asylum, as restored, the grantor, a childless man, granted his entire property to his wife, to whom he attributed his success, and was much attached, according to his previously declared intentions and subsequent references. Ten years afterwards, he committed suicide. The evidence as to his mental condition was conflicting, but there was no evidence of incompetency to execute a deed. He was eccentric, hut, hy evidence of many witnesses he was sane. Held_ evidence did not prove insanity at the time the deed was executed. Cropp v Cropp, 88 Va. 753, 14 S. E. Rep. 529.
Fraud Not Presumed — Must Be Clearly Proved.— Praud must he clearly proved hy the party alleging it, and is never presumed. Jeffries v. Southwest Va., etc., Co., 88 Va. 862. 14 S. E. Rep. 661.
And a party seeking rescission of a contract on the ground of misrepresentation must establish the same by .clear and irrefragable evidence. Ludington v. Renick, 7 W. Va. 273.
Mistake In Written Instrument Requires Strong Proof. — The evidence which will justify rescission on the ground of mistake in a written instrument must be clear and strong, so as to establish the mistake to the entire satisfaction of the court. Allen v. Yeater, 17 W. Va. 128.
Fraud to Be Proved by the Party Alleging It. — To invalidate a conveyance for fraud, it must be proved by the party alleging it, and mere inadequacy of consideration, in the absence of fraud, will not, invalidate a conveyance. Tebbs v. Lee, 76 Va. 744.
Presumption of Abandonment. — Lapse of time is permitted to defeat an acknowledged right on the ground only of its affording evidence of presumption that such right has been abandoned, yet it never prevails when such presumption is outweighed hy opposing facts or circumstances. Nelson v. Carrington, 4 Munf. 332.
Admissibility of Similar Representations. — In a suit to rescind a contract for false representations, evidence of similar representations to other persons, about the same time, is admissible to show bent of mind of party making the representations. Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243.
*733 XII. REFORMATION.
A. JURISDICTION. — See monographic note on “Jurisdiction” appended, to Phippen v. Durham, 8 Gratt. 457.
B. GROUNDS FOR REFORMATION.
1. atiSTAKE. — There may be a reformation of a contract, where the suit is "brought for the purpose and it is alleged that by fraud or mistake of the scribe, or by some other means, the real agreement of the parties was not that which is expressed in such written instrument. Crislip v. Cain, 19 W. Va. 438.
Hisiake Hisst Be Mutual. — To correct a contract on the ground of mistake alone, the mistake must be mutual, that is, participated in by both parties. Fishack v. Ball, 31 W. Va. 614, 12 S. E. Rep. 856.
Contraéis for Sale of Real Estate. — A court of equity will correct a mistake in an agreement ior the sale or purchase of real estate, yet the existence of the same must be made clearly to appear, or else the court will decline to interfere. Shirley v. Rice, 79 Va. 442; Leas v. Eidson, 9 Gratt. 277; Creigh v. Boggs, 19 W. Va. 240; Blessing v. Beatty, 1 Rob. 287.
Mistake as to Boundary Line. — Where a conveyance is made which includes, in the boundaries mentioned, land belonging to an adjoining proprietor. and which land is taken possession of and held by the grantee, as it had been, prior to this time, by the vendor, it was held that the mistake as to the boundary lines should be corrected, Keyton v. Brawford, 5 Leigh 41.
Where Deed Does Not Conform to Contract. — A deed will not be reformed to accord with a prior written -contract where it appears that nothing was omitted by accident or mistake, but that the change was deliberately discussed and understanding^* made, with only an unauthortaed assurance by the grantee’s agent that the grantee would comply with the prior contract. Shenandoah Valley R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239.
riistake of One Party Not Accompanied with Fraud.— In order for a court of equity to correct a mistake in the terms of a deed, participated in by only one of the parties thereto, where no fraud or deception is practiced, and where a party of ordinary intelligence, and who can read, has deliberately executed the deed, the proof of mistake, where admitted at all, must be strong, clear, preponderating and convincing to the court. Pennybacker v. Laidley, 33 W. Va. 624, 11 S. E. Rep. 39.
Mistake of Scrivener Where Only One Party to Contract. — Where there is but one. party to a contract, and by mistake of the scrivener the instrument does not execute the purpose of the party to the deed, equity will reform the deed ac his instance. Ferrell v. Ferrell (W. Va.), 44 S. E. Rep. 187.
And a mistake of the scrivener in drawing a deed may be corrected by a court of equity. Lough v. Michael, 37 W. Va. 679, 17 S. E. Rep. 181; Alexander v. Newton, 2 Gratt. 266; Deitz v. Insurance Co., 33 W. Va. 526, 11 S. E. Rep. 50; Troll v. Carter, 15 W. Va. 567; Nichols v. Cooper, 2 W. Va. 347.
Mistake of Law or of Private Rights by One Party.— Where che mistake of law, or as to private rights, is that of one party only to the transaction, though the other party was not aware of it, the court will, under peculiar circumstances of the case, grant relief. Brown v. Rice, 26 Gratt. 467.
Mistake in Law Must Be flaterial. — Mistake in law, to be a ground for relief in equity, must be of a material nature, and the determining ground of the transaction. Brown v. Rice, 26 Gratt. 467.
Ignorance of Law Not Universally Applicable. — Mistake is a ground for relief in equity; and while mistake in a matter of law cannot in general be .admitted as a ground of relief, the maxim Jw'is ignoraniia non excusat is not universally applicable in equity. Brown v. Rice, 26 Gratt. 467.
State of Case flust Be Established. — Equity will not relieve against an alleged mutual mistake of fact when it is clear that there can be no true statement of the case established. Persinger v. Chapman, 93 Va. 349, 25 S. E. Rep. 5; Chapman v. Persinger, 87 Va. 581, 13 S. E. Rep. 549; Nutter v. Brown, 51 W. Va. 598, 42 S. E. Rep. 661.
Where Conveyance Does Not Include Entire Tract of Land.--Where land is sold, and conveyed by a conveyance which does not include the entire tract, it may be corrected on a bill filed by the vendee. Long v. Israel, 9 Leigh 556.
Fiimll SettSemenis. — Where parties have made a final settlement of all matters between them, it will not be opened by a court of equity, unless one of the parties was guilty of fraud, or a mutual mistake was made by them and a suit f oi its correction was brought promptly by one of the parties on discovery. McConaughy v. Camden, 18 W. Va. 140.
Vendor, Vendee and Creditors. — A mistake, clearly proved by paro] evidence, in an agreement for the sale and purchase of real estate, may be reformed, and this whether the contest is between the vendor and purchaser or the vendor and creditors of the purchaser. Mauzy v. Sellars, 26 Gratt. 641.
Defective Execution of a Power. — A court of equity will grant relief in case of a defective execution of a power by a married woman, where it is executed in form only and not in substance. Freeman v. Eacho, 79 Va. 43.
2. Fratid.
May Be Corrected Either for Fraud or Mistake. — An agreement was made between a woman and her intended husband, soon to be married, that the intended wife should make a settlement upon her sister out of her personal estate, and a writing, purporting to be such, was at the instance of the intended husband drawn up and executed, but failed to intercept the husband’s marital rights. Held, equity will correct the defect whether it proceeded from fraud or mistake. Brown v. Bonner, 8 Leigh 1.
And where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties, there is good ground for the reformation. Donaldson v. Levine, 93 Va. 472, 25 S. E. Rep. 541.
Where Induced by Other Party. — Where the mistake was induced or encouraged by the other party to the transaction, or was taken advantage of by him, the court will be more disposed to grant relief than in cases where it does not appear that he was aware of the mistake. Brown v. Rice, 26 Gratt. 467.
Where Agreement Is Plainly Expressed. — A court of equity cannot reform a written contract between parties which is plainly expressive of their intention. exceptfor mistake, accident, undue advantage, or some other established equitable ground. Null v. Elliott (W. Va.), 43 S. E. Rep. 173.
C.RIGHTS OF PARTIES.
1. Lien-holder without Notice. — A mistake of scrivener in drawing a deed, whereby the reservation of a lien is omitted, will be corrected by a court of equity, but not to the prejudice of a lien-holder whose debt was contracted on the faith of the vendee’s ownership of the property conveyed by deed or record, in which such lien is not reserved. Lough v. Michael, 37 W. Va. 679, 17 S. E. Rep. 181.
2. Creditors oe Grantor. — A mistake of the scrivener in drawing a deed, whether of law or fact, may be corrected by a court of equity, even against bona Me creditors of the grantor. Alexander v. Newton, 2 Gratt. 266; Mauzy v. Sellars, 26 Gratt. 641.
*734 D. GROUNDS FOR REFUSING REFORMATION.—
1. Negligence. — Equity -will not extend its aid to a person who has been guilty of culpable negligence. Persinger v. Chapman, 93 Va. 349, 25 S. E. Rep. 5.
What Amounts to Reasonable Diligence. — No definite rule can be laid down as to what amounts to reasonable diligence; it must depend upon the circumstances of each case, and is left to the sound discretion of the court. Pollard v. Rogers, 4 Call 239; Robertson v. Tapscott, 81 Va. 533; McConaughy v. Camden, 18 W. Va. 140; Wilsons v. Harper, 25 W. Va. 179; Jeffries v. Southwest Va., etc., Co., 88 Va. 862, 14 S. E. Rep. 661.
Must Exercise Diligence. — One asking relief in equity on the ground of mutual mistake must have exercised at least that degree of diligence which may be expected of a reasonable man under the circumstances. Persinger v. Chapman, 93 Va. 349, 25 S. E. Rep. 5.
2. Adequate remedy at Law. — Where a bill is filed seeking to have a contract reformed, equity will not grant such relief where the bill shows that the party has an adequate remedy at law. Jones v. Fox, 20 W. Va. 370; Anderson v. Snyder, 21 W. Va. 632.
E. PLEADING AND PRACTICE.
1. The Bill.
Boundary Lines, Sufficient Description. — Where a suit is instituted to reform a deed and the bill alleges a contract to follow a specified line as boundary, and that metes and bounds did not conform to such line, in that, where there were two fences, the lines of the deed did not follow the ones agreed on, but the line of another fence, and charging if the land between the line in the deed and the one agreed on would belong to the plaintiff, the mistake in the deed is described with sufficient certainty to justify reformation. Anderson v. Jarrett, 43 W. Va. 246, 27 S. E. Rep. 348.
When Improper to Dismiss. — It is improper to dismiss a bill in chancery, involving a question of title, for want of equity, without reserving the legal rights of the parties. Christian v. Vance, 41 W. Va. 754, 24 S. E. Rep. 596.
ilust Put the Facts in Issue. — Where a party seeks to have a contract in writing reformed on the ground of mistake, he must sufficiently allege such mistake in his bill, to put the facts in issue in the cause. Burley v. Weller. 14 W. Va. 264.
Dismissal of Bill — Rights of Parties. — Where a court of equity erroneously canceled deeds and ordered a conveyance to the plaintiffs, and ordered a writ of possession to issue, the court reversed the decree on appeal without supersedeas and remanded the cause with instructions to place the parties in statu mo and then dismiss the bill, Wilsons v. Harper, 25 W. Va. 179.

a. May Be Amended.

New Matter. — A bill in chancery cannot be so amended as to introduce new matter and entirely change the original purpose of the suit. Christian v. Vance, 41 W. Va. 754, 24 S. E. Rep. 596.
l>. MultifaHousness. — A. bill is not rendered, multifarious by presenting alternative views, or different views of the same fact, but these mustbe distinct collocations of distinct or different facts, each presenting different rights, and calling for different relief. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
c. When Mot Demurrable. — A bill which charges mutual mistake in making a deed is not demur-rable, even though it fail to charge notice to a purchaser for value, Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
2. The Answer.
Must Show Notice before Conveyance. — In a suit against a person alleged to be a purchaser with notice, it is not sufficient for the defendant, in his answer, to say that he had no notice of a prior equity at the time of the purchase. It must appear whether he had notice before he obtained a conveyance. Hoover v. Donally, 3 Hen. & M. 316; Blair v. Owles, 1 Munf. 38.
3. Petition.
When Refusal to File Not Error. — It is not error, on tb e petition of a debtor, to refuse to permit the filing of a petition to cancel a paper in the case which admits his liability for a debt, when the petition shows no equitable grounds of relief. Beard v. Arbuckle, 19 W. Va. 135.
F. EVIDENCE.
Parol Evidence — Must Be Clear and Convincing.— Mistakes in deeds and other writings may be^ corrected upon parol evidence, but the mistake must have been mutual, or, if on one side only, accompanied by fraud or other inequitable conduct on the other side, and the evidence of mistake must be clear and satisfactory, leaving but little doubt of the mistake. French v. Chapman, 88 Va. 317, 13 S. E. Rep. 479.
Mistake ilust Be Clearly Proved. — While courts of equity will correct instruments on the ground of mistake, .it must be clearly proved. Fudge v. Payne. 86 Va. 303, 10 S. E. Rep. 7.
Burden of Proof of Notice. — Where a bill charges mutual mistake, in a suit to reform a deed .against a purchaser for value, the burden of proof of such notice is on the party alleging same. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647.
Both Mistake and Agreement to Be Clearly Proved.— Although a deed or other instrument may be reformed, when from mistake or accident it does not accurately represent the agreement of the parties, it is necessary that both the agreement and mistake shall be made out by the clearest and most satisfactory testimony. Carter v. McArtor, 28 Gratt. 360; Donaldson v. Levine, 93 Va. 472, 25 S. E. Rep. 541; Fudge v. Payne, 86 Va. 303, 10 S. E. Rep. 7; Fishack v. Ball, 34 W. Va. 644, 12 S. E. Rep. 856; Deitz v. Insurance Co., 33 W. Va. 526, 11 S. E. Rep. 50.
Admissible Though Denied In Answer. — Parol evidence is admissible to prove a mistake, though it is denied in the answer, but evidence to show such mistake must be clear and strong, so as to establish it to the entire satisfaction of the court. Fishack v. Ball, 34 W. Va. 644, 12 S. E. Rep. 856; Allen v. Yeater, 17 W. Va. 128.
In Absence of Fraud or Mistake, Parol Evidence Cannot Vary a Deed, — In the absence of fraud, accident or mistake, the terms of a deed cannot be varied by parol evidence of what occurred between the parties either before or during its execution. Shenandoah Valley R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239; Meade v. N. & W. R. Co., 89 Va. 296, 15 S. E. Rep. 497.
Parol Evidence — Mistake of Draftsman. — A written instrument between living parties, and for a valuable consideration, on account of a -mistake of the draftsman, though proven by parol evidence, may be reformed. White v. Campbell, 80 Va. 180.
Parol Evidence — Partial Reformation. — Either party to a written contract for the sale of land may have same specifically enforced, with such corrections as parol proof may show to be necessary to correct a mistake made in reducing the contract to writing. Creigh v. Boggs, 19 W. Va. 240.
Burden of Proof — Presumption.—In a hill filed for the reformation of a contract, the burden of proof is throughout on the complainant, who must rebut *735 the presumption that the -writing- speaks the final agreement, by the clearest and. most satisfactory evidence. Donaldson v. Levine, 93 Va. 472, 25 S. E. Rep. 541.
Evidence Host Be Clear, Convincing', and Not Conflicting-. — lu a suit to reform a deed for inistake, the evidence of such mistake must be clear, convincing, free from unreasonable doubt, and not conflicting. Koen v. Kerns, 47 W. Va. 575, 35 S. E. Rep. 902.