Judge Roane
delivered the following opinion of the court.
The court is of opinion that, although real property, purchased with the effects, and used for t'm purposes, of a mercantile firm or co-partnery, may, i» equity, be liable to discharge the balance due from dm company to any partner, in preference to the private and individual debt of any *322 other partner, it is nevertheless competent to the member® of such co-partnery to acquire such property jointly, as in» dividaals, or to lose the lien aforesaid, (generally existing, upon the social property,) by acts tending to mislead or de» ceive creditors, or purchasers,- in this particularand it appearing to the court, in this case, that while, on the one hand, William Plume, under whom the appellee claims, had no certain indicium, as at the date of Fury's deed to him, whereby he could have discerned that the lot in question was purchased by, or used for the purposes of the co-partnery of Forde and Fury in the proceedings mentioned, he was led to conclude the contrary from the terms of the deed, under which John Forde and Patrick Fury claimed the same from George Chandler¡ — that deed neither describing the parties purchasing as merchants and partners, nor stating that the said lot was purchased by them for the use of the firm, but merely purporting the conveyance to have been to thetn. as individuals the court is of opinion, that the present is not a case in which the doctrine aforesaid can properly apply ;' but that the equity of the appellant, Under the foregoing principle, has been lost, in favour of the said Plume, a fair creditor oi Fury, by his negligence and omission aforesaid. The claim of the appellant could, therefore, only be sustained, in any event, as to the surplus remaining after satisfying the debt of the said Plume: — •• but no such surplus exists in the actual case before us; nor, consequently, can the question relative thereto arise in this case, unless the sale, under which the appellee purchased the moiety of the lot in question, should be vacated by thu decree of the court. With respect to that sale, the court is of opinion, that, if it is novv competent to it to set aside the sarne, when it has not been impeached, or put in issue, by the answer of the appellant, or the proceedings- in this cause,- it wot.(d not be proper to do it" when, in addition to the omission aforesaid, that omission may perhaps be accounted for, by a consciousness on the part of the ap pellant that the smallness ef the price produced by the sale to the appellee was caused by his own acts ; — by having, in *323 the first place, purchased the lot himself, at a sale made under a decree of the Hustings court of Norfolk, and then forbidden others to bid for or purchase the same. Under these circumstances, therefore, the sale to the appellee will . . 1 *** be sustained against the claims of the appellant; — and, on these grounds, the decree of the court of chancery is affirmed.