Christian J.
delivered the opinion of the court.
The court is of opinion, that the decree of the Circuit court of Shenandoah was erroneous in dissolving the injunction awarded in vacation, and dismissing the plaintiff’s bill. The evidence conclusively shows that the sale by Allen to Triplett was a sale per acre, and not a sale in gross. The contract of sale filed with the answer provides “that the said Lemuel Allen doth covenant and agree to sell to the said L. Triplett the home tract of land (with appurtenances thereto belonging), containing one hundred and sixty-six acres, three roods and twenty-eight poles,” with certain boundaries described—“together with one hundred and fifty acres of mountain land,” for the consideration of ten thou *723 sand dollars. This contract was dated the 8d of Novemher, 1869. It seems on the day before this contract was entered into this land was offered at public auction, and the home tract was offered and bid for by the acre. On that day the bidding went up to some $35 or $40 per acre, and the land was taken down. On the next day (November 3d) the land was again offered at public auction, and the bidding went up to $52 per acre. The bidding was then stopped, and there were certain negotiations between the parties; calculations were made, putting the mountain land at $8 per acre; and propositions to give for the home tract enough per acre (estimating the tract at one hundred and sixty-six acres, three roods and twenty-eight square poles) to make the purchase money for the whole amount to the sum of $10,000. The result of these negotiations was the contract above referred to, by which Allen agreed to sell to Triplett one hundred and sixty-six acres, three roods and twenty-eight poles of what was known as the home tract. A deed was executed on the 2d of December, by Allen and wife, with general warranty, conveying to Triplett this land as described in the contract of sale, except that after the words describing the quantity, are inserted the words “ more or less.” It turns out upon a survey of the home tract that there is a deficiency of about ten acres.
The court is of opinion that under the contract of the parties and the evidence taken in the cause, the sale was a sale per acre, and not a sale in gross, and that the appellee is bound to make good this deficiency at the average value of the home tract per acre.
But if the contract can be considered a sale in gross and not per acre, the insertion of the words “ more or less” in the deed does not affect the case. Bor it is well settled by repeated decisions of this court, that *724 the employment of such words will not relieve the-vendor or vendee, as the case may be, from the obligation to make compensation for an excess or deficiency, beyond vvhat may be reasonably attributed to small errors from variation of instruments or otherwise,unless, indeed, there be evidence to show that a contract of hazard was intended. In the absence of such evidence, it is to be presumed that the parties contract with reference to quantity. It is an important element in every agreement, and prima facie must be intended to influence the price.
Ten acres in a tract of one hundred and sixty-six acres, especially when worth at least $50 per acre, is not one of these “small deficiences” to be covered by the phrase “ more or less;” and the vendor must be held liable, and the vendee compensated for such deficiency. Hor is the vendor at all relieved from obligation to make good this deficiency by the fact that a part of this land, to the extent of about four acres, was at the time of the sale vested, by proceedings of condemnation, in the Manassas Gap Railroad Company; and that vendee knew, when he bought the land, that said railroad passed through one side of this land. Knowledge of the fact that a railroad passed through the home tract does not alter the question, or change the obligations of the parties. The vendee, under his contract, had purchased one hundred aud sixty-six acres, three roods and twenty-eight poles of the home tract. How much of the home tract had become vested in the railroad company was no concern of his. He had a right to presume that the quantity called for by his contract was still left after deducting that in the possession of the railroad company. The company had acquired a fee simple right to the land held by them, for which no doubt Allen had received full compensation. So far as *725 this four acres is concerned, Allen stands in the same position as if he had sold and conveyed the four acres to another party before the sale to Triplett; and the fact that Triplett saw and knew that the Manassas Gap railroad passed through this land, could have no more effect on this contract of the parties than if he saw and knew that four acres of the home tract had been sold and possession delivered to a purchaser having a deed in fee simple for four acres of said land. The contract of Allen was to convey to Triplett one hundred and sixty-six acres, three roods and twenty-eight poles, and if he had conveyed a part of it, or had received compensation for a part of it, vested by proper legal proceedings in a railroad company, it was no concern of Triplett, and Allen must make up the deficiency. The court is therefore of opinion that the decree of the said Circuit court was erroneous in dissolving the injunction and dismissing the plaintiff’s bill.
The court ought to have perpetuated the injunction certainly, to an amount sufficient to cover the deficiency in the land sold, and have proceeded to declare, upon the evidence in the cause of the value of the land and the deficiency in the value of acres proved, what amount is due to Triplett.
The 'court is further of opinion, that no deduction in the purchase money can be made on account of the right of way which is claimed by the appellant to have been guaranteed to him by the appellee. The deed conveys Samuel Allen’s “ right of way across fthesa Allen’s farm now owned by Tiphen W. Allen to the aforesaid mountain land.” To ascertain what Samuel Allen’s right of way is, reference must be had to the will of Ehesa Allen. The third clause of said will provides as follows: “I further desire that my son Lemuel shall have one hundred and fifty acres of tim *726 bered land, adjoining the lands of Charles Moore, of the mountain tract; and the residue of all lands on the south-east side of the river, or, in other words, the mountain side of the river, shall be Joseph Tiphen W. Allen’s land, with the express understanding that Lemuel Allen is to have a right of way to the timbered land.” How this right of way under the will, whatever it may be, has been conveyed by Allen to. Triplett. But there is nothing in the record to show that the right of way conveyed, that- is, what was-conferred by the will of Bhesa Allen, has been denied to Triplett. He (Triplett) is certainly entitled under-his contract to the same right of way which was secured to Lemuel Allen under the will of Bhesa Allen. But there is nothing to show in the record, that this, right of way has been denied to him.
Triplett, as to his legal rights, can only stand upon such as are secured by the will to Lemuel Allen. It does not appear that these rights have been denied to him. It will be time enough to act upon this question when Triplett has failed to recover his right to the same right of way which the will secures to Lemuel Allen. All that this court now means to decide upon this branch of the case is, that Triplett is only entitled to such right of way as Allen had under the will of Bhesa Allen, his father. What that may be, is a subject of litigation between the parties, and remains to be determined; but the value of the said right of way is still undetermined, and is not to be taken into the estimate of the deficiency for which the appellee is responsible.
The court is therefore of opinion, that the said decree of the said Circuit court, dissolving the injunction and dismissing the plaintiff’s bill, is erroneous;, and that said decree be reversed, and this cause re *727 manded to said Circuit court, with instructions to inquire and determine what was the deficiency of the number of acres and the value thereof, and to per petuate the injunction as to said amount, and dissolve the same as to the balance. The decree must, therefore, be reversed, and the cause be remanded to said Circuit court to be further proceeded in in accordance with the principles herein announced.
The judgment was as follows:
This day came again the parties by counsel; and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, that the decree of the said Circuit court is erroneous, in dissolving the injunction and dismissing the appellant’s bill; the court being of opinion, that the sale from Allen to Triplett was a sale per acre, and not a sale in gross, and that the appellee Allen is bound to make good the deficiency which is shown to exist.
The court is further of opinion, that in taking account of this deficiency, and of what amount the appellant is entitled to recover from the appellee, the value of the right of way is not to be estimated; the court being of opinion, that the appellee conveyed by his deed the same right of way which under the will of his father was secured to said appellee Allen, and there is nothing in the record to show that this right of way has been denied to him.
It is therefore ordered and decreed, that the said decree be reversed and annulled, and that the appellant recover against the appellee his costs expended in the prosecution of his appeal here. And the cause is remanded to said Circuit court, with instructions to *728 ascertain and determine what is the deficiency in the quantity of the land sold by the appellee to the appellant, and the value of said land appearing to be so deficient; and as to that amount the injunction must be perpetuated, but dissolved in all other respects: which is ordered to be certified to the said Circuit court of Shenandoah county.
Judgment reversed.