Burks, J.,
delivered the opinion of the court.
This was an action of ejectment in the circuit court ■of Lee county, with verdict and judgment for the defendant on issue joined on the plea of “not guilty.” 'A supersedeas to the judgment, awarded the plaintiff by one of the judges of this court, brings the case here for review.
At the trial both parties asked for instructions to the jury, some of which were given, and others refused, and the plaintiff excepted.
After verdict rendered, he then moved the court to set it aside and grant him a new trial, on the ground, 1st, that the verdict was contrary to the evidence; 2d, because of alleged misconduct of one of the jurors on the trial. This motion was overruled, he again excepted, and the bill of exceptions taken contains a certificate of the facts proved on the trial.
From this certificate, it appears that both parties *768 claimed title under mesne conveyances from one Jacob Fisher, the owner of a large survey of land in Lee county. Parcels of this he had sold to different persons, to some of whom he had made conveyances; and to others he had not. A large portion remained unsold. On the 9th day of July 1840 he sold, and by deed of that date, through his attorney in fact, conveyed to one James Crabtree all the land included within the boundaries of the survey, except such portions as had theretofore been sold to other purchasers. The deed mentions the names of these purchasers,, amongst them one Duke Covey and Benjamin Dickinson, and without further description excepts the lands sold to them from the operation of the conveyance to. Crabtree. By deed of -16th of December 1849, Crab-tree and Dickinson conveyed a portion of the Fisher survey to one Berry Wood, and Wood, by deed of' 10th March 1851, conveyed the same to the plaintiff
Afterwards, to wit: on the 18th day of April 1853,. Fisher, by deed of that date by his attorneys, conveyed to the said Duke Covey a tract of land, estimated as cpntaining three hundred acres, and no doubt' the same land excepted in the previous conveyance to Crabtree. Amongst other evidences of this fact, it appears by the deed of conveyance to Crabtree, that the white oak, designated as a corner 2 i on the plat of survey filed in this cause, is described in said deed as “a corner to Duke Covey”
The defendant claims title through Covey, and the plaintiff through Crabtree. The two tracts of land,, claimed by the parties respectively, are.eo-terminous on the eastern side of Trading creek, and the dispute is as to the true dividing line between the tracts on that side of the creek.
The beech and dogwood, designated on the plat as *769 C 1, is admitted by both parties to be a corner, and so as to the white oak at 2 i. These two admitted corners are the termini of the disputed lines. The plaintiff claims that the true boundary is by a line commencing at the beech, and dogwood C 1, running S. 70 W. to Trading creek, and thence with its meanderings to the corner white oak at 2 3. The defendant, on the other hand, claims that the bearing of the line commencing at the beech and dogwood, instead of being S. 70 W., as claimed by the plaintiff, should be S. 24 W.s and with this course the line would run, as indicated by the dotted line on the plat, with a slight deflection, passing the head of a spring at g to Trading creek, and thence with the creek to the corner white oak aforesaid.
The land enclosed by these disputed lines is somewhat less than two acres, and is the whole subject of the controversy in this case. Its actual value is not disclosed by the record; but if it is anything like proportionate to the price which was paid by the parties for their respective tracts, as indicated by the deed, it must be very inconsiderable. It seems to me it would have been wise if the parties had, in some way, settled this apparently trifling matter between themselves without the cost and vexation of litigation.
The plaintiff', in support of his claim, rests wholly upon the title papers in the ease, relying as well upon the descriptions in the conveyances under which the defendant claims, as upon these in the deeds under which he himself derives title; and it certainly does appear from these conveyances, that the descriptions contained in them are substantially the same. The deed from Crabtree and Dickinson to Wood, under whom the plaintiff claims, calls for the beech and dogwood, “ thence S. 70 W. to the creek and down the same 115 poles to a white oak, a corner to Duke *770 Covey.” The deed from Fisher to Duke Covey, under whom the defendant claims, calls for the same beech and dogwood, and for a line thence “ S. 70 W. till it strikes the creek, and meandering the same 115 poles to a white oak,” &c. The two corners being admitted by both parties, if the course, S. 70 W., called for in the deeds, of the line commencing at the beech and corner and extending to the creek, be the true course, it would seem clear that the. land in controversy belongs to the plaintiff. But it is contended by the defendant that this course and the line given are a mistaken description; and in support of his pretensions, he^proved that about twenty-five or thirty years before the trial of this suit in the circuit court, (which took place in 1875), Covey and Crabtree went upon the land and surveyed it. They then marked the beech and dogwood corner and ran a line from that corner passing over the head of the spring and down the creek to the corner white oak before mentioned; and Covey, as they ran from the beech and dogwood to the spring, was seen to mark some of the trees. He further proved, that Berry Wood, under whom the plaintiff claims, about the time the deed was made to him by Crabtree and Dickinson and preparatory to making it, caused the land to be surveyed by one Miller. In making this survey, which was done in the absence of Covey, Miller and Wood by mistake located the beech and dogwood corner on the creek. The next day Wood informed Miller that he had seen Covey and learned from him the true location of the corner beech and dogwood; whereupon Miller then ran a line from the beech and dogwood S. 24 W. 92 poles to the corner white oak aforesaid, and corrected his field notes so as to make them correspond with the last-named line.
*771 It is quite plain to me that the survey by Crabtree «.nd Covey was before the survey made by Miller; for the beech and dogwood were marked as a corner in ~ the former survey, and this enabled Miller in his survey, on information derived from Covey, to locate this corner properly and to correct his field notes. It is equally clear that when these surveys were made neither Wood nor Covey had a deed for their respective tracts of land, and that the surveys were made with the view of fixing definitely the boundary line between the two tracts before the conveyances should be executed.
It was proved that no marked trees were found standing immediately on the line S. 24 W. from the beech and dogwood to the corner white oak. Some trees were found suitable to be marked as line trees, but most of the timber for a considerable distance on the line had been destroyed. A sugar tree, however, was found standing near the head of the spring aforesaid with two chops on it, marked suitably for a side line; but the witness who spoke of it did not know whether it was marked for a line tree or not. It was also proved that in the year 1867 or 1868 (which was some six or seven years before the institution of the plaintiff’s suit) the plaintiff pointed out two stumps on the line between the beech and dogwood and the spring, which he said had been marked line trees standing on the line, and that he then claimed that his line ran from the beech and dogwood through the •head of the spring. It was further proved that the plaintiff had never exercised any ownership over the land in dispute, and that the defendant’s possession corresponded with his claim of title.
Upon these facts, certified by the judge presiding at •the trial as proved by the evidence, the jury by their *772 verdict found that the true dividing line between the lands of the parties was the one claimed by the defendant, commencing at the corner beech and dogwood, and thence with a line slightly deflected from the course S. 24 W. by the head of the spring to the creek, and with the creek to the corner white oak. I cannot say that this verdict was contrary to the evidence. Certainly the evidence was not plainly insufficient to warrant it; and if not, this court, under the rule established by numerous decisions, cannot interfere with it. The jury treated the call in the deeds-for a line from the beech and dogwood S. 70 W. as a misdescription of the line which was actually run and marked by the owners of the respective tracts before the conveyances were made, upon a course nearly S. 24 W.; and they acted upon the maxim falsa de~ monstratio non nocet.
There is nothing in the objection made in the court below to the verdict, on the ground of the alleged misconduct of one of the jurors on the trial. No argument was made here upon this assignment of error, and it is regarded as properly abandoned. All. the material statements of the ex parte affidavit of the plaintiff in error were contradicted and disproved by the counter affidavit of the juror.
The instructions given by the court to the jury were in accordance with the principles recognized by this court in Herbert & wife v.Wise and others, 3 Call 240;. Baker v. Seekright, 4 Hen. & Mun. 177; Dogan v. Seekright, 4 Hen. & Mun. 125; Pasley v. English & als., & Gratt. 141.
In Herbert & wife v. Wise and others, supra, Judge Pendleton said: “To pursue the proper descriptions of our land. boundaries, would render men’s titles very precarious, not only from the variations of the com *773 pass, but that old surveys were often inaccurate, and mistakes often made in copying their descriptions into patents, leaving out lines, and putting north for south, ■and east for west, and in copying these descriptions into subsequent conveyances, whereas the marked trees upon the land remain invariable, according to which neighbors hold their distinct lands. On this ground our juries have, uniformly and wisely, never suffered such lines, when proved, to be departed from, because they do not agree exactly with descriptions in coveyances.”
In Baker v. Seekright, supra, it was held that when a deed mentions the course and distance of a line, without any other description thereof, parol evidence is ■admissible to prove marked trees, not in the course or termination of that line to be the true intended line.
Adverting to this ease, Judge Roane, in Dogan v. Seekright, supra, says: “In that ease parol evidence was admitted to establish a marked line, which did not correspond with that mentioned in the deed either as to course or distance. It was so admitted, on the ground that the description in the deed may have been mistaken, whereas the marked and reputed line being more stable and permanent ought to prevail, or at least be submitted without prejudice to the consideration of the jury.”
I see no error in the instructions taken all together, which were given by the court, nor in the refusal of the court to give those which were rejected.
Upon the whole matter I am of opinion to affirm ■the judgment .of the circuit court.
The judgment was as follows:
This day came again the parties by their counsel, *774 and the court having maturely considered the trans-script of the record of the judgment aforesaid, and the arguments of counsel, is of opinion for reasons, stated in writing and filed with the record, that there-is no error in the said judgment; it is therefore considered, that the same be affirmed and that the defendant in error recover against the plaintiff in error his-costs by him expended in the defence of his said writ-of supersedeas here, and also thirty dollars damages :■ which is ordered to be certified to the clerk of the-said circuit court of Lee county.
Judgment appirmed.