78  413
88  428

## Richmond.

## NORFOLK TRUST CO. v. FOSTER.

### February 7th, 1884.

1. REAL ESTATE—*Boundaries.*—It is well settled that where the courses and distances vary from the natural boundaries set forth in the deed, the latter prevail over the former.
2. IDEM—*Sales—Hazard—Per acre.*—Intention of the parties, as shown from terms of contract and circumstances, decides as to whether sale is one of hazard. Equity does not favor such sales, and the presumption against them is repellable only by clear and cogent proof. It must clearly appear that the sale is not *per acre.* Where a tract is sold for a gross sum upon estimate for a given quantity, it is presumed that the sale is *per acre.*
3. *Case at bar.*—Sale here held to have been *per acre*, and vendee entitled to compensation for deficiency.
4. EQUITABLE JURISDICTION AND RELIEF—*Case at bar.*—Land of S was sold under decree to satisfy judgment. Before rendition whereof F had bought of S adjoining land, supposed to contain 200, but only containing 162 acres. Before sale under decree F communicated these facts to commissioner of sale, and claimed to have deficiency supplied out of the land commissioner was ordered to sell, and to compel this he brought suit, making commissioner and others parties.

HELD:

    1. Equity will entertain F's suit and decree him the deficiency of land, or, at his option, the money for which it was sold.

    2. F might have had some relief by filing petition in the suit under decree wherein the land was sold, but that fact was no bar to an independent suit for that purpose.

5. IDEM—*Final decree.*—A decree settling the rights of the parties, providing for payment of costs, and leaving nothing to be done "in the cause," is a final decree.
6. IDEM—*Bill of review—New matter.*—Bill of review for new matter must not only set out the discovery of the new matter after the decree and state the nature thereof, but must be accompanied by affidavit that it could not have been discovered by reasonable diligence in the original cause.

7. DEEDS—*Parol evidence.*—An instrument, unambiguous in its terms, cannot be varied by parol testimony as to any contemporaneous understanding between the parties.

This is an appeal from certain decrees rendered by the circuit court of Mathews county, in the consolidated causes of *Hicks* v. *Shultice* and *Foster* v. *Seawell and others.* The bill was filed in the first named case to subject certain real estate of the defendant to the satisfaction of a judgment against him in favor of the plaintiff. The cause having been matured, and the proper accounts ordered and taken, a decree was entered directing a sale of the land, according to the prayer of the bill. A sale was accordingly made by the commissioners appointed for the purpose, and duly reported to the court and confirmed. Thereupon the last-named suit was instituted by Foster, the appellee here, to which he made the said commissioners and others defendants. In his bill he averred that prior to the institution of the first-named suit, and the rendition of the judgment in Hicks' favor, he purchased of the defendant, Shultice, a certain tract of land adjoining that sold by the said commissioners, supposed to contain two hundred acres, and which, by deed bearing date March 2d, 1868, was conveyed to him by Shultice and wife, a copy of which deed was filed as an exhibit with the bill. He further averred that, by a survey subsequently made of the land so conveyed, it had been ascertained that the tract contained less than two hundred acres, and that the deficiency so ascertained exceeded thirty acres. This fact, he averred, he communicated to the said commissioners before the sale by them was made, claiming that he was entitled to have the deficiency made good to him by the addition to his tract of the requisite number of acres of the defendant's land adjoining, and which they had been ordered to sell. And the prayer of the bill was that so much of the adjoining lands of the defendant be added to the plaintiff's tract as

would make good the deficiency; or that the said commissioners be ordered, out of the proceeds of the land sold by them, to pay to him such sum as would be a fair compensation for the said deficiency. To this bill, Commissioner John B. Donovan filed an answer, which was adopted by his co-commissioner, M. B. Seawell, and by the purchasers at the commissioners' sale, who were also made parties defendants to the suit. In his answer, Donovan denied the claim set up in the bill, insisting that the boundaries of the land purchased by the plaintiff were defined by unmistakable land-marks, and that no greater quantity of land than was included within those boundaries was intended to be conveyed by Shultice and wife to the plaintiff.

It appears that the actual quantity of land so conveyed amounted to 162.85 acres, 37.15 acres less than the quantity to which the plaintiff claimed to be entitled. And the cause coming on to be heard, the circuit court, by its decree of October 5, 1876, held that upon the true construction of the deed in question the plaintiff was entitled to have set off to him out of the lands of the defendant, Shultice, contiguous to the land conveyed to the plaintiff, an amount of land sufficient to make up the said deficiency. But " it further appearing," the decree recites, " by an understanding between the counsel of the complainant and the said commissioners that in the event this court should decide that the said complainant was entitled to the full two hundred acres of land under the said deed, that he would accept in lieu of so much land the purchase money for the said land, sold by the said commissioners, to the extent of said deficit of thirty seven and fifteen hundredths acres at the price obtained. And it appearing that part of the said purchase money has been collected, but that sufficient remains uncollected to satisfy the claim of the said complainant, the court doth adjudge, order and decree that the

said M. B. Seawell and John B. Donovan, commissioners, out of the moneys to be collected from the said sale of the land of the said defendant, Shultice, do pay to the said complainant the sum of $677.95, with interest thereon from the day at which the said lands were sold by them as commissioners, and the costs of this suit, and make report to the court."

At the following April term of the court, the Norfolk Trust Company, the appellant here, claiming to be the assignee for value of the judgment in favor of Hicks, the plaintiff in the first named suit, filed its petition for a rehearing of the decree of October 5th, 1876, which, by a decree of the 23d September, 1879, was dismissed, the court being of opinion that there was no error in the decree complained of. And on the same day leave was refused the company to file a bill of review to the said decree. The prayer of the bill of review sought to be filed was based on two grounds : 1. That there was error on the face of the decree complained of, in that it held the complainant, Foster, to be entitled to compensation for the deficiency of 37.15 acres of land in the tract conveyed to him by the defendant, Shultice; and for the further reason that, if entitled thereto, he should have instituted proceedings for the recovery thereof at law, and not in equity ; and 2. In order to afford an opportunity to the company to avail itself of the deposition of M. B. Seawell to show the understanding between the parties at the time the conveyance was made. No affidavit accompanied the bill of review, nor was it alleged that by the use of due diligence the testimony of Seawell could not have been obtained before the decree complained of was rendered.

On the 22d day of December, 1880, the last decree in the two causes was entered, which directed the said John B. Donovan, within thirty days from the rising of the court, to pay to the plaintiff, Foster, the sum of five hundred dol-

lars, which sum it was admitted by Donovan was then in his hands as special commissioner, and to have been received by him from the proceeds of sale of the real estate of the defendant, Shultice, and directing an execution to issue in the event of failure to pay the same.

*John B. Donovan,* for the appellant.

*Wm. B. Taliaferro* and *G. Taylor Garnett,* for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court.

The appellant insists that the decree of October 5, 1876, construing the deed of Shultice and wife to Foster, and the decree of September 23, 1879, refusing leave to file a bill of review to that decree, are erroneous, and that the decree of December 22, 1880, is also erroneous because based on those decrees.

We are of opinion that none of these objections are well founded. The deed in question must be construed according to the intentions of the parties thereto, as manifested by the terms employed by them. There is nothing ambiguous on its face, and consequently there is no necessity to resort to extrinsic testimony. The case is not one in which the courses and distances vary from the natural boundaries set forth in the deed. Where that is the case it is well settled, as the authorities referred to by the counsel for the appellant show, that the rights of the parties are determined by the latter, and not by the former. As was said by Judge Pendleton, in *Shaw* v. *Clements,* 1 Call, 438, " Our juries generally, and wisely, establish reputed boundaries, disregarding mistaken descriptions." And in *Herbert* v. *Wise,* 3 Call, 242, " To pursue the proper descrip-

tions of our land boundaries would render men's titles very precarious, not only from the variations of the compass, but that old surveys were often inaccurate, . . . whereas the marked trees upon the land remain invariable, according to which neighbors hold their distinct lands." And so it has been held that parol evidence is admissible to prove that the calls for courses and distances in a deed are mistaken, and do not designate the true boundary of the land intended to be conveyed. *Elliott* v. *Horton*, 28 Gratt. 766, and cases cited. But these are questions foreign to the present case.

Here the grantor contracted to sell, and the grantee to purchase, for the sum of $9,000, a certain parcel of land containing two hundred acres. The boundaries are set forth in the deed, and the tract is described as containing two hundred acres; but so far from the described boundaries being accepted by either party as strictly accurate, it is expressly stipulated in the deed that they " will be more particularly specified by a survey of the land which is to be made hereafter, and a plat of which survey, when made, is to be referred to for a more particular description of the boundaries of the land hereby conveyed." And it is further stipulated that " if upon such survey being made, it shall appear that more than two hundred acres are included within the boundaries of the said land hereby conveyed, or intended to be conveyed, according to the true understanding of the parties to these presents, then and in that case it is expressly understood that said parties of the first part shall be entitled to demand and have of the said John Foster for such excess payment at the same rate per acre that he pays for the two hundred acres." From the terms of the deed thus employed it is manifest that the parties contracted with reference to a quantity of land to contain not less than two hundred acres, and that if more should be contained within the specified boundaries, such excess

should be paid for at the same rate at which the two hundred acres were sold.

Whether a contract of sale is one of hazard as to quantity—in other words, whether it is a contract for the sale of a certain *tract of land*, whatever number of acres it may contain, or of a specified quantity—depends upon the intention of the contracting parties, to be gathered from the terms of the contract, and all the facts and circumstances connected with it. And while contracts of hazard in such cases are not invalid, courts of equity do not regard them with favor. The presumption is against them, and can be repelled only by clear and cogent proof. Consequently, a contract will be construed to be a contract by the acre whenever it does not *clearly appear* that the land was sold by the tract, and not by the acre. And so, where the contract is for the payment of a gross sum for a tract of land, upon an estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard. These propositions have been affirmed by this court in numerous cases. *Keyton's Adm'r* v. *Brawford*, 5 Leigh, 39; *Blessing's Adm'r* v. *Beatty*, 1 Rob. Rep. 304; *Triplett* v. *Allen and others*, 26 Gratt. 721; *Watson* v. *Hoy, &c.*, 28 Gratt. 698; *Yost* v. *Geisler's Adm'r*, 7 Va. L. J. 624.

The circuit court rightly held, therefore, that the appellee, Foster, was entitled to compensation for the ascertained deficiency in the supposed quantity of the land conveyed; and as the measure of that compensation was fixed by the agreement of the parties, which was adopted by the court, it follows that there is no error in the decree for which it should be reversed.

That decree was a final decree. It settled the rights of the parties, granted the prayer of the bill, and directed payment to be made to the plaintiff of the sum ascertained to be due him out of the collections to be made by the

commissioners on account of the sale of the defendant's real estate. It provided for the payment of the costs of the suit, and left nothing to be adjudicated; nothing further to be done "*in* the cause" to give completely the relief contemplated by the court. It was emphatically a final decree, having all the characteristics of such a decree. *Rawlings' Ex'or* v. *Rawlings,* &c., 75 Va. 76, and cases cited. This being so, it was reviewable on a bill of review, and the remaining question is, Did the circuit court err in refusing leave to the appellant to file its bill of review? We have already disposed of the first ground upon which the decree was asked to be reviewed and set aside—namely, that the court erred in construing the deed from Shultice and wife to Foster. But it was further insisted that the plaintiff, Foster, had no standing in a court of equity, and ought to have been left to his remedy at law. His claim was that a part of the land sold by the commissioners was his, and passed by the deed to him; and if this were so, he was equitably entitled to his proportionate part of the proceeds of the sale, which by agreement between the parties was fixed at a certain sum, and which was rightly ordered to be paid to him. The same relief might have been appropriately sought, and granted, upon petition in the suit of *Hicks* v. *Shultice;* but that was no bar to the maintenance of a separate and independent suit.

The second ground set forth in the bill of review which was sought to be filed, was to afford the plaintiff therein an opportunity to take the deposition of M. B. Seawell. There was no affidavit accompanying the bill, nor was it alleged that the desired testimony might not have been procured, by the use of due diligence, before the decree complained of was rendered.

In such a case the bill must not only set forth the discovery of new matter after the decree, but it must be accompanied by an affidavit that the new matter could not,

by the use of reasonable diligence, have been produced or used by the party claiming the benefit of it before the final decree was rendered, and the affidavit must also state the nature of the new matter, in order that the court may exercise its judgment upon its relevancy and materiality. *Carter* v. *Allan and others*, 21 Gratt. 241. But apart from these objections, the deed to Foster being unambiguous in its terms, could not have been varied by parol testimony as to any contemporaneous understanding between the parties thereto. Upon every ground, therefore, leave to file the bill was properly refused. There is no error in the decrees complained of, and the same are affirmed.

DECREES AFFIRMED.