## Richmond.

### BRADLEY v. BRADLEY.

#### MARCH 24th, 1887.

*Absent*—LEWIS, P., and LACY, J.

1. PERSONAL REPRESENTATIVES—*Settlement—Review.*—Where, under decree, administrator settled his accounts showing balance due him, and afterwards paid, and the settlement was, without exceptions, confirmed in 1873, the decree of confirmation was, *quoad* him, final, and will not be reviewed on petition filed after three years.

2. IDEM—*Debits—Disbursements—Presumption— Laches.*—Where decree directed administrator to disburse assets to support and educate intestate's children, and settlements show no such disbursements, it is presumable that money, wherewith he was chargeable, but which was omitted as items of debit, was expended for the children, especially in a case of laches and acquiescence.

Appeal from decree of circuit court of King William county, rendered June 6th, 1882, in chancery cause of Eppes and wife and als. against John W. Bradley's administrators and others. The decree was adverse to the plaintiffs, and they appealed. Opinion states the case.

*James C. Lamb,* for the appellants.

The decree of April 23, 1873, was not a final decree *in the cause.* *Cocke* v. *Gilpin,* 1 Rob. Rep. 22, 30; *Ryan* v. *McLeod,* 32 Gratt. 367, 376; *Battaile* v. *Maryland Hospital,* 76 Va. 63, 69; *Wright* v. *Strother,* 76 Va. 857, 859;

*Rawlings* v. *Rawlings*, 75 Va. 76; *Miller* v. *Cook*, 77 Va. 806; *Norfolk Trust Co.* v. *Foster*, 78 Va. 413.

That decree was not final as to the administrator, R. E. Waddill. *Alexander* v. *Coleman*, 6 Munf. 328; *Royall* v. *Johnson*, 1 Rand. 421; *Ryan* v. *McLeod*, 32 Gratt. 367. The character of a decree as interlocutory or final must be determined by the *terms and provisions of the decree itself,* and by nothing *outside of the decree. Cocke* v. *Gilpin,* 1 Rob. Rep. 22, 49; *Ryan* v. *McLeod, supra.*

The circumstances are not such as to bring the case within the doctrine of *laches* as established in Virginia. *Caruthers* v. *Trustees of Lexington*, 12 Leigh, 627, 636; *Harrison* v. *Gibson*, 23 Gratt. 212, 223; *Stamper* v. *Garnett*, 31 Gratt. 550, 564; *Hatcher* v. *Hall*, 77 Va. 573, 576; *Hill* v. *Umbarger*, 77 Va. 653; *Wissler* v. *Craig*, 80 Va. 22, 29.

The mere lapse of time or the mere fact of neglect does not constitute *laches. Tazewell* v. *Saunders*, 13 Gratt. 354, 362; *Coles* v. *Ballard*, 78 Va. 139, 147, citing *Nelson* v. *Carrington*, 4 Munf. 332; *Wissler* v. *Craig, supra ; Massie* v. *Heiskell*, 80 Va. 789, 805.

There can be neither *laches* nor acquiescence where there is ignorance of the claim; and every case must depend upon its own circumstances. *Lamar* v. *Hale*, 79 Va. 147, 164, citing *Rowe* v. *Bentley*, 29 Gratt. 756, 763; *Massie* v. *Heiskell, supra.*

The devastavit occurred in April, 1873, when the administrator failed to charge himself with the proceeds of the bonds in his last account. *Franklin* v. *DePriest*, 13 Gratt. 257.

There was nothing on the face of the account of April 5, 1873, to which to take exceptions. It does not matter that the petitioners were *sui juris* when that account was taken. *Handly* v. *Snodgrass*, 9 Leigh, 484, 489; *Garrett* v. *Carr*, 3 Leigh, 440, 446.

*John S. Wise* and *Edmund Waddill, Jr.*, for the appel·lees.

FAUNTLEROY, J., delivered the opinion of the court.

The bill was filed in 1867, by the legatees and devisees of John W. Bradley, deceased, for the construction of the will of the said Bradley, for a settlement of the accounts of Richard E. Waddill, administrator *c. t. a.* of the said testator, for a sale of his real estate, and a distribution of the proceeds, and also of his personal estate, including certain bonds and stocks. In May, 1867, there was a decree construing the will, and directing a settlement of Waddill's administration accounts, which was duly made and reported by the master commissioner, and filed, without exceptions, September 29, 1867, and confirmed by the court, May 22, 1868. In November, 1868, there was a decree directing the administrator to use any funds in his hands for maintenance of the minor children; $200 each for Alexander, Tazewell, and Franklin Bradley having been ascertained and reported by the master as a necessary and proper sum. On the fourth of October, 1870, the court decreed that the administrator, Richard E. Waddill, (who had been removed from his office,) should settle a full and complete account of *all* his transactions on said Bradley's estate. This account was duly settled, and on the fifth day of April, 1873, reported to the court, and on the twenty-third of April, 1873, was confirmed by the court, without exception. This report shows a balance of $222.21 due the administrator, to carry interest from September 11, 1870, the day his powers as administrator were revoked; and the record shows that the parties interested in and recipients of the proceeds of the estate, and the parties complainant to this suit, actually paid the said balance so reported in favor of the administrator to him. No objection was ever made either to the

said report, or to the decree of confirmation, until at the November term, 1879, the bill or petition for a review and reversal of the decree of confirmation of April 23, 1873, was filed by the appellants. The circuit court dismissed the bill and petition, holding, in an elaborate and well-considered opinion, made part of the record, that the whole object of the bill, so far as Richard E. Waddill, the administrator *c. t. a.* of John W. Bradley, deceased, is concerned, had been achieved, and that the decree of confirmation of April 23, 1873, is a final decree *as to him;* that, regarding the petition filed by the appellants as a bill of review, it was filed more than six years after a final decree, and is, therefore, not good as a bill of review; and that, even though the said decree of April 23, 1873, could be properly regarded as an interlocutory decree merely, the court could not, in the exercise of a sound legal discretion, give the relief asked for by these petitioners under the facts and circumstances of this case.

All the petitioners were before the court and parties to the suit in which and when the decree of confirmation was rendered ; and they were all of age and *sui juris*. In obe-dience to a decree of the court directing the said administrator to render to the court a full and complete account of all his transactions upon and with the estate after his powers had been revoked, and when no further assets of the estate could properly come into his hands, Waddill, the administrator *c. t. a* , went before a commissioner of the court, and settled the account ordered, which said settlement was duly reported to the court, and confirmed by the court without exception. When this was done, every function of of the suit, as against the administrator *c. t. a.,* Waddill, had been exhausted. Nothing remained to be done to make the decree effectual as against him ; and, as before said, the appellants, themselves parties to the suit, and recipients of the estate, recognizing the correctness of the

account and the decree of confirmation, came forward, and paid off the balance found due the administrator; thus showing that the decree was a finality as to the administrator, Waddill, accepted and acted on by the plaintiffs themselves, who sleep upon their alleged rights until November, 1879, when Waddill, the administrator, has removed to a foreign State; several of his sureties upon his official bond have died; and the survivors, by the long and unbroken silence and acquiesence of the appellants in the approved and confirmed settlement of the administrator's accounts under the orders of the court, have been lulled into security and repose. Having so slept upon their rights, (even though it were not wholly problematical as to their having a just ground of complaint,) a court of equity will not lend its aid against innocent parties thus reposing in security under its decree.

As to the item of $602.93, the net proceeds of the interest bonds sold by Lancaster & Co. for the administrator, and which does not appear to be embraced in the account settled and confirmed by the decree of April 23, 1873, it may very fairly be inferred that, as the accounts of the administrator, which were settled subsequent to the decree of the twenty-third of November, 1868, directing him to use any funds in his hands belonging to the estate for the support and education of the three boys, show no items for disbursements by him on their account, that said sum was applied to the support and education of the said children; and, having been so applied under the express orders of the court, it was for that reason omitted to be charged against him in the account; and this is all the more probable from the fact that the decree confirming the report of 1873 was drawn by the able and vigilant counsel for the complainants. But, be this as it may, the rule is imperative that a final decree is the end of litigation. *Vide Rawlings* v. *Rawlings,* 75 Va. 76; *Battaile* v. *Maryland*

*Hospital,* 76 Va. 63; *Wright* v. *Strother,* Id. 857; *Hatcher* v. *Hatcher,* 77 Va. 600; *Norfolk Trust Co.* v. *Foster,* 78 Va. 420; *Rubber Co.* v. *Goodyear,* 9 Wall. 805.

We are of opinion that there is no error in the decree complained of and that it must be affirmed.

DECREE AFFIRMED.