FREY, Respondent, vs. ETZEL and others, Appellants.

*March 3—March 23, 1915.*

*Vendor and purchaser of land: Contract: Quantity sold: "More or less:" Price by acre: Mistake.*

1. The words "more or less" in a land contract or deed, following a statement as to the number of acres contained in the tract sold, are intended to cover a reasonable excess or deficiency, the risk of which both parties assume; but they do not cover a difference so great as to make it evident that either fraud or gross mistake entered into the contract.

2. Thus, where the purchaser of a farm had been well acquainted with the land and its boundaries for many years and was evidently buying the tract, although the price was computed by the acreage named in the contract, a deficiency in the amount conveyed of about three acres out of seventy-five is *held* to be covered by a clause in the contract, "containing in the whole 104 acres more or less, . . . excepting, however, 28.50 acres more or less this day sold to" a third person.

SIEBECKER, J., dissents.

APPEAL from a judgment of the circuit-court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an action to recover money paid by mistake. It

was tried by the court.     The facts were as follows: The par-
ties for many years owned and lived upon neighboring farms
in the town of Granville, Milwaukee county, the defendants'
farm containing somewhat more than 100 acres.     In Novem-
ber, 1909, the defendants sold to a railway company a strip
of land through their farm which was surveyed and staked
out by the engineer of the company.     The defendants met the
representatives of the railway company November 9th to close
the transaction, and the plaintiff, who desired to purchase the
remainder of the farm, was also present.     At that time there
was produced a certificate by the surveyor to the effect that he
had surveyed the strip sold to the railroad company and that
it contained 28.80 acres *more or less*.     This latter parcel was
then conveyed by the defendants to the railway company.
After this conveyance was made the plaintiff and defendants
entered into a written contract for the purchase by the plaint-
iff of the remainder of the farm.     In this contract the plaint-
iff agreed to purchase the farm at $136 per acre, of which $50
was paid down and the balance was to be paid March 1, 1910.
The farm consisted of three contiguous parcels which were
described separately in the contract.     The first was described
by courses and distances, followed by the words "containing
34.95 acres."     The second was described as "the north 25
acres of said quarter-section described as follows;" then fol-
lowed a description by courses and distances.     The third was
described as "the north 50 acres of the east half of said north-
west quarter, section 31, except six acres heretofore sold to
Nicholas Mullatore;" then followed the words "containing in
the whole 104 acres *more or less,* together with all buildings
and improvements of every kind thereon, excepting, however,
28½ acres *more or less* this day sold to the Milwaukee, Sparta,
C. & N. W. Railway Company."

On the 1st of March, 1910, the parties met again and the
plaintiff paid the consideration (which was figured on the
basis of 75.70 acres at $136 per acre, amounting in all to

$10,295.20). A warranty deed of the farm was executed and delivered and the plaintiff thereafter took possession of the farm. In the deed the first parcel of land was described by metes and bounds, "containing 34.95 acres *more or less.*" The second and third parcels were described as in the contract, but the phrase "containing in the whole 104 acres more or less" at the end of the three descriptions was omitted and the exception at the end read "except six acres heretofore sold to Nicholas Mullatore and excepting 28.80 acres heretofore deeded to the M. S. and N. W. Ry. Company."

A year after the execution of the deed the plaintiff had the farm accurately surveyed and it was found that the first parcel of land described in the contract as containing 34.95 acres only contained 33.75 acres, while the parcel deeded to the railway company contained 30.18 acres instead of 28.50 acres as described in the contract or 28.80 acres as described in the deed.

The court did not find that any fraud was committed, but that the parties mutually understood that there were 75.70 acres in the farm, whereas there were in fact but 72.57 acres; that the sale was a sale by the acre at $136 per acre, and that on account of the mistake the plaintiff paid $425.68 more than he should have paid.

Judgment for this sum with interest from the date of the commencement of the action was rendered for the plaintiff, and the defendants appeal.

For the appellants there was a brief by *Henry V. Kane* and *Joseph P. Callan,* and oral argument by *Mr. Kane.*

For the respondent there was a brief by *Clarke & Donnelly,* and oral argument by *John W. Clarke.* They cited, among other cases, *Butt v. Smith,* 121 Wis. 566, 569, 570, 99 N. W. 328; *Wilson v. Randall,* 67 N. Y. 338; *Murdock v. Gilchrist,* 52 N. Y. 242; *White v. Miller,* 22 Vt. 380; *Rich v. Scales,* 116 Tenn. 57, 91 S. W. 50; *Hosleton v. Dickinson,* 51 Iowa, 244, 1 N. W. 550; *Trinkle v. Jackson,* 86 Va. 238, 9 S. E.

986, 4 L. R. A. 525, 527; *Hays v. Hays,* 126 Ind. 92, 25 N. E. 600, 11 L. R. A. 376; *Hoover v. Sensman,* 2 Sad. (Pa.) 487, 4 Atl. 730; *Ruffner v. Ridley,* 81 Ky. 165, 4 Ky. L. Rep. 958; *Hull v. Watts,* 95 Va. 10, 27 S. E. 829; *Benson v. Humphreys,* 75 Va. 196; *Brooks v. Halane,* 116 Ill. App. 383; 1 Sugden, Vendors (8th Am. ed.) 489.

WINSLOW, C. J.     The farm which was sold was well known to both parties.     They both supposed it to contain something more than seventy-five acres after the railroad parcel was taken out.     They agreed that the plaintiff should purchase it and should pay therefor at the rate of $136 an acre, and their contract described it in effect as 104 acres "more or less," excepting 28.50 acres "more or less" that day sold to the railroad company.     In fact the original farm contained but 102.75 acres and the piece conveyed for railroad purposes contained 30.18 acres, leaving but 72.57 acres covered by the contract, being about three acres less than the amount named in the contract.

The fundamental question in the case is whether this shortage is covered by the words "more or less."     These words must be given some meaning; they cannot be supposed to have been inserted merely for their literary effect.     Unquestionably they constitute a qualification of the previous statement of acreage, and the well established principle is that they import that there may be a small deficiency or excess of acreage, the risk of which both parties assume, but that they do not cover a great difference or a considerable variation either way, *i. e.* a difference so great as to make it evident that either fraud or gross mistake entered into the contract.

As has been said, "the words 'more or less' are intended to cover a reasonable excess or deficit."     *Belknap v. Sealey,* 14 N. Y. 143, 156; *Hosleton v. Dickinson,* 51 Iowa, 244, 1 N. W. 550; *Trinkle v. Jackson* (86 Va. 238, 9 S. E. 986) 4 L. R. A. 525, see note p. 526; 2 Warvelle, Vendors, p. 838.

This is the basis of decision in the recent case of *Richards v. Millard*, 146 Wis. 552, 131 N. W. 365, where the contract described the land sold as about 160 acres more or less and there was in fact but 152.81 acres. In that case also the purchase price was computed by the acreage.

The difficulty doubtless is to determine when an excess or deficit ceases to be slight or reasonable and becomes great or considerable. In the New York case above cited the difference between eight acres and four was held not to be covered by the words, and in the Iowa case the difference between thirty acres and eighteen acres was held too great to be covered. In the Wisconsin case cited, however, the difference between 160 acres and 152.81 was deemed to be covered. Following that case, it would seem that the deficiency in the present case, being about three acres out of seventy-five, should be held to be covered. This seems the more reasonable in view of the fact that the plaintiff here had been well acquainted with the land and its boundaries for many years and was evidently buying by the tract, although the price was computed by the acreage named in the contract.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.

SIEBECKER, J. (*dissenting*). The trial court found that the parties to the contract for the purchase and sale of the tract of land in question understood that the sale of the land was made by the acre and that it was not a sale of a lump quantity of land for a definite gross sum. It seems to me that this conclusion of the trial court is correct under the contract and deed in the light of the facts and circumstances of the transaction. I am of the opinion that the circuit court properly awarded recovery of the $425.68, the amount of overpayment on the land at the agreed price of $136 per acre, and that the judgment of the circuit court should be affirmed.